**PIKE v. NEW ENGLAND GREYHOUND LINES, Inc., et al.**

Civ. A. No. 8768.

United States District Court
D. Massachusetts.

Oct. 23, 1950.

670

Abraham J. Zimmerman, Zimmerman & Zimmerman, Boston, Mass., for plaintiff.

Barret Elkins, Boston, Mass., for New England Greyhound Lines, Inc.

Daniel H. Rider, Boston, Mass., for Union Pacific Stages, Inc.

FORD, District Judge.

This is a diversity action to recover for personal injuries allegedly suffered by plaintiff while a passenger on a bus owned and operated by defendant Interstate Transit Lines (hereinafter called Interstate). The injuries were received near the state line between Wyoming and Utah while plaintiff was traveling from Boston to San Francisco on a through ticket sold to him in Boston by defendant Central Greyhound Lines, Inc. (hereinafter called Central).

Defendant Interstate moves to dismiss this action as against itself on the ground of lack of jurisdiction, or in lieu thereof to quash the return of service of summons. The only question argued by the parties at the hearing on the motion was whether Interstate is doing business within Massachusetts so as to be subject to the jurisdiction of the court. Interstate contends it is not doing business in Massachusetts, while plaintiff contends that it is, and appears to rely solely on such doing of business as a basis for jurisdiction.

On this question defendant filed an affidavit of R. J. O'Connor saying that he was General Traffic Manager of Interstate, that Interstate is a Nebraska corporation doing business as a common carrier in several Western states, that it has never done business in Massachusetts, and has never appointed any agent to accept service of process on its behalf in Massachusetts.

From the testimony of the single witness called by plaintiff the following facts can be found. Interstate and Central are two of a number of separate corporations each of which is engaged in the business of operating buses as a common carrier of passengers. Each operates buses within a limited part of the United States, but bus lines of the various carriers connect with one another. Each carrier uses the name "Greyhound" as a distinctive mark on its buses. There is a Greyhound Corporation which owns the right to use the name "Greyhound" and permits the use of it by the other companies. In each of these corporations the Greyhound Corporation holds some of the stock. The extent of its holdings was not shown except that it holds a minority interest in Interstate and some undefined interest in Central.

There is a business arrangement, the exact nature of which was not shown, but by virtue of which one of these companies can sell through tickets good over connecting lines of others. Thus Central at its Boston office sells tickets, such as the one sold to plaintiff, for a through trip to some point in California, such ticket being made up of a number of coupons for various portions of the trip, and including a coupon good over a connecting route operated by Interstate. Such coupons are accepted by Interstate in payment of the fare over its portion of the trip without any further validation.

The Boston office of Central displays prominently on signs the name "Greyhound Lines". It displays also the names of other bus lines having no affiliation with Greyhound, but not the name of Interstate. At the Boston office Central also distributes "Greyhound Transportation Time Tables" which include schedules of buses operated by Interstate and other connecting carriers, as well as advertising material including maps on which Interstate routes are shown as "Greyhound Lines". This advertising material was prepared by an independent

advertising agency, and Central ordered and paid for such material as it wished to distribute.

■ The essential question, therefore, is whether sale in Boston by Central of through tickets including coupons good for travel on Interstate buses outside of Massachusetts constitutes the doing of business by Interstate in Massachusetts so that Interstate can by proper service be brought within the jurisdiction of this court. The evidence offered as to the relationship between the various Greyhound lines is insufficient to justify a holding that the separate corporate identities of Interstate and Central can be treated as a fiction and Central and Interstate be considered a single business entity. Cf. Chicago, Milwaukee & St. Paul Railway Company v. Minneapolis Civic and Commerce Association, 247 U.S. 490, 38 S. Ct. 553, 62 L.Ed. 1229. As to the signs, timetables, and advertising material at the Boston office, there is nothing to show that Interstate had any part in preparing these, authorized their use, or even knew of them. Moreover, they add nothing to the essential fact that Central sells tickets good on Interstate buses. If the fact of such sales is not sufficient to bring Interstate within the court's jurisdiction, it adds no substantial element that Central also advertises that fact, or provides such incidental services as furnishing timetables for use by the purchasers of the tickets.

■ The effect to be given in this case to the ticket sales described must be determined by federal rather than by state law, since the question is one of the jurisdiction of a court of the United States which is not dependent on state law. 2 Moore's Federal Practice, § 4.25; Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 443, 30 S.Ct. 125, 54 L.Ed. 272; Frink Co., Inc., v. Erikson, 1 Cir., 20 F.2d 707; Hinchcliffe Motors, Inc., v. Willys-Overland Motors, Inc., D.C., 30 F.Supp. 580; Hedrick v. Canadian Pac. Ry. Co., D.C., 28 F.Supp. 257.

Under the law of the federal courts, such ticket sales as the one here involved do not constitute the doing of business by a foreign corporation. Peterson v. Chicago, Rock Island & Pacific Railroad Company, 205 U. S. 364, 394, 27 S.Ct. 513, 51 L.Ed. 841. "Obviously the sale by a local carrier of through tickets does not involve a doing of business within the state by each of the connecting carriers." Philadelphia & Reading Railway Co. v. McKibbin, 243 U.S. 264, 268, 37 S.Ct. 280, 281, 61 L.Ed. 710. If the question were to be decided under the law of Massachusetts, cf. Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193, the result would be the same. "The selling of tickets good over the lines of a foreign railway corporation by agents of other corporations, does not, standing alone, constitute the doing of business by the foreign corporation within the state of sale of the tickets." Reynolds v. Missouri, Kansas & Texas Railway Co., 224 Mass. 379, 385, 386, 113 N.E. 413, 415.

■ On the facts shown here Interstate is not doing business in Massachusetts so as to make it subject to the jurisdiction of this court, and the action as against Interstate must be dismissed. It is, therefore, not necessary to pass upon the question of whether the service made in this case constituted an effective service of process upon Interstate.

Defendant's motion to dismiss is allowed and the action is dismissed as against defendant Interstate Transit Lines.