**John H. GIBBS, Plaintiff,**

v.

**Leon D. PALEY, Defendant.**

**Civ. No. 1121–72.**

United States District Court,
D. Puerto Rico.

Feb. 23, 1973.

Patrick Wilson, for O'Neil & Borges Law Offices, San Juan, P. R., for plaintiff.

Stanley Feldstein, for Nachman, Feldstein & Gelpi, San Juan, P. R., for defendant.

## MEMORANDUM OPINION

CANCIO, Chief Judge.

The disposition of plaintiff's motion to remand this cause to the Superior Court of the Commonwealth of Puerto Rico requires a determination as to the date on which the thirty-day term for removal commenced. 28 U.S.C. Sec. 1446(b). The issue is whether any "receipt" by the defendant of copies of pleadings is sufficient, or whether the "receipt" is conditioned on compliance with the procedural rules under which service is attempted.

This action was commenced by the filing of a complaint in the Superior Court of Puerto Rico. In a motion requesting the Superior Court to fix the term in which defendant would be required to answer, plaintiff stated that service would be effected pursuant to Rule 4.7 of the Rules of Civil Procedure for the General Court of Justice of the Commonwealth of Puerto Rico (hereinafter referred to as the Puerto Rico Rules). 32 L.P.R.A., App. II, R. 4.7. Following the order of the Superior Court, plaintiff's counsel mailed to defendants copies of the summons, complaint, and other documents filed in the Superior Court. The documents were in the Spanish language in accordance with practice in the courts of Puerto Rico, 32 L.P.R.A. App. II, R. 8.5, and translations were not inclosed. The mailing was received by the defendant on October 30, 1972. It is this receipt which plaintiff contends commenced the term for removal and therefore the petition for removal filed on December 15, 1972, was not timely.

Defendant, on the other hand, insists that this receipt of the documents was ineffective to start the term for removal since the mailing did not meet the requirements of the rule under which it was purportedly made. Although plaintiff now argues to the contrary, he tacitly acknowledged that the first attempt at service was defective by mailing a second set of copies of the documents to the defendant, after service on the Secretary of State of Puerto Rico. This second service was received personally by defendant on November 27, 1972, and if this second receipt commenced the term for removal, the petition was timely.

Rule 4.7 of the Puerto Rico Rules, supra, provides for substituted service when jurisdiction is based on the transaction of business in the Commonwealth of Puerto Rico. Schering Transamerica Corporation v. Torres Canet, 290 F. Supp. 362 (D.P.R., 1968). Where jurisdiction is otherwise present, service upon a nonresident or absent defendant may be made by personal service outside the jurisdiction. Rule 4.3; or by publication, Rule 4.5. 32 L.P.R.A., App. II, R. 4.3 and 4.5. In addition to establishing the jurisdictional bases in subsection (a), Rule 4.7 in subsection (b) establishes the procedure to be followed in effecting service thereunder. The pertinent portion reads as follows:

" . . . a copy of the summons and of the complaint shall be served upon the Secretary of State or upon his designee, and the plaintiff shall *forthwith* send to the defendant a copy of those documents by *registered* mail with return receipt." 32 L.P.R.A., App. II, R. 4.7(b). (Emphasis supplied).

Defendant contends that the order of the Superior Court fixing the time in which defendant was required to answer was insufficient and that the service was therefore defective. The motion addressed to the Superior Court did not contain any asseverations from which jurisdiction under Rule 4.7(a), supra, could be determined. Reliance is placed on Mundo v. Fúster, 87 P.R.R. 343, (1963) for the proposition that the impossibility of personally notifying the defendant must be satisfactorily established for the judge issuing the order for substituted service. It is also noted that the order does not direct substituted service, but merely repeats plaintiff's statement that service will be effected pursuant to Rule 4.7. This goes to the issue of compliance with the rule on service and is covered by the discussion which follows.

It has been held that receipt by the defendant of the initial pleading will not suffice to start the running of the term for removal where the procedure followed by plaintiff is not sanctioned by state law. Rodríguez v. Hearty, 121 F. Supp. 125 (S.D.Tex., 1954); Moore v. Firedoor Corporation of America, 250 F.Supp. 683 (D.Md., 1966). Plaintiff here appears to argue at the outset that any receipt by defendant of copies of the summons and complaint is sufficient. However, he cites Potter v. McCauley,

186 F.Supp. 146 (D.Md., 1960), which holds to the contrary.

■■ The true issue here is whether plaintiff did comply with Rule 4.7 of the Puerto Rico Rules, supra. The resolution of this issue depends upon whether the word "forthwith" as used in the Rule means "before, after, or simultaneously with", as plaintiff contends; or whether it means only "immediately after" as defendant contends. Statutory construction is not required here. The meaning of the language used is not in doubt, as will appear.

The Puerto Rico Rules were first promulgated in Spanish. Thereafter, in view of the bilingual system in use in this jurisdiction, an official translation into English was made. In these circumstances, in case of discrepancy between the two versions, the Spanish prevails. Civil Code of Puerto Rico, Sec. 13, 31 L.P.R.A. Sec. 13; Coll v. Secretary of the Treasury, 82 P.R.R. 26 (1960); Basora v. Padilla, 62 P.R.R. 315 (1943).

Rule 4.7(b) in the original Spanish version uses the word "Inmediatamente" where the English version uses "forthwith". As appears from the very spelling of the word in Spanish, the more literal translation is "immediately". Actually, however, there is no discrepancy in meaning. "Forthwith" is defined as "immediately; without delay; hence, within a reasonable time; promptly and with reasonable dispatch." "Immediately" means "without interval of time; without delay; straightway." Webster's New International Dictionary of the English Language (2d ed. unabr., 1953). These definitions all indicate relation to some other time, place or situation, and connote "subsequent". The Spanish is perhaps more exact. A synonym of "inmediatamente" is "luego", and this word in turn is defined as "después de este tiempo o momento." "Después" denotes "posterioridad de tiempo, lugar or situación." Diccionario De La Lengua Española, Real Academia Española (19th ed., Madrid, 1970). There can be no doubt that "posterior" is after, and not before. The mailing prior to the service on the Secretary of State of Puerto Rico did not comply with Rule 4.7, supra. That mailing was a nullity, and under the doctrine applied by the cited cases, did not start the term for removal.

The application of that doctrine in this case is particularly appropriate. Service was attempted pursuant to a procedural rule of Puerto Rico. This Court is bound by definitive interpretations of that rule by the Supreme Court of Puerto Rico, unless they conflict with Federal rules, statutes, or constitutional provisions. That Court has invariably insisted upon strict compliance with requirements for service. Iñesta v. Registrar, 65 P.R.R. 726 (1946); Cerda v. Ossorio, 65 P.R.R. 315 (1945); Yabucoa Sugar Co. v. Fabián, 61 P.R.R. 435 (1943); Matos v. District Court, 59 P. R.R. 290 (1941); Davis v. Municipal Court, 57 P.R.R. 815 (1940); Miranda v. Heirs of Alicea, 52 P.R.R. 247 (1937); García & González v. Registrar, 41 P.R.R. 662 (1930); O'Sheaf v. District Court, 38 P.R.R. 231 (1927); Cintrón v. Registrar, 35 P.R.R. 737 (1926). In a similar situation, the Supreme Court of Puerto Rico held in Ortiz v. The Crescent Trading Co., 69 P.R. R. 464 (1949):

"The provision of Rule 4(e), formerly Secs. 94 and 95 of the Code of Civil Procedure (precursors of Rule 4.5), must be strictly complied with in order to vest the court with jurisdiction over the person of the defendant who has been summoned by publication (citations omitted). . . . The anticipated but unauthorized action of the marshal of sending by ordinary mail to the defendants copies of the documents enumerated in the rule, did not authorize the court to excuse strict compliance with the requirement of sending the copy by registered mail at the time of said publication." 69 P.R.R. at 468.

"It makes no difference that the defendants in effect received the documents sent by the marshall and that they appointed an attorney in Puerto Rico to represent them, nor what circumstances deprived said attorney from appearing before the default was entered and judgment rendered against defendants. The fact that the defendants had knowledge of the notice of the summons and other documents does not make the summons by publication valid if, as happened in this case, Rule 4(e) was not complied with." 69 P.R.R. at 469.

For the reasons stated, the motion to remand must be denied. It is so ordered.