**Juana ALBANDOZ de REYES and Benito Reyes, Plaintiffs,**

v.

**JAPAN AIR LINES, Defendant.**

**Civ. No. 74–1164.**

United States District Court, D. Puerto Rico.

Nov. 26, 1975.

Harvey B. Nachman, Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiffs.

Eli B. Arroyo, Géigel, Silva, Soler-Favale & Arroyo, San Juan, P. R., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

This is an action brought under Title 28, United States Code, Section 1331(a), plaintiffs alleging that their cause of action is one arising under treaties of the United States, these being the Warsaw Convention, an International Treaty, and the Interim Agreement with the Civil Aeronautics Board of the United States of 1966, commonly known as the "Montreal Agreement". They additionally

claim that jurisdiction is well set in this Court due to the diversity of citizenship of the parties under Title 28, United States Code, Section 1332. In both contentions the alleged amount in controversy exceeds, exclusive of interests and costs, the sum of $10,000.00.

Plaintiffs Juana Albandoz de Reyes and Benito Reyes were to make an international trip that would take them from San Juan to New York, Tokyo, Manila, Honolulu, Los Angeles and San Juan. The flight from San Juan to New York would be via American Airlines, from New York to Tokyo via Japan Air Lines, from Tokyo to Manila via Japan Air Lines, from Manila to Honolulu via Pan American World Airlines, from Honolulu to Los Angeles via Pan American World Airways, and from Los Angeles to San Juan via Delta Airlines.

The tickets for the flight from New York to Tokyo, scheduled to be via defendant airline company, were sold locally by American Airlines. In New York, after having checked in the airport and processed for boarding defendant's aircraft, plaintiff suffered the accident that gives rise to the case at bar.

Plaintiffs assert that this Court has jurisdiction over the matter according to Article 28 of the Warsaw Convention. We must therefore establish such treaty to be applicable in the instant case. Article 28(1) of the Warsaw Convention reads:

"(1) An action for damages must be brought, at the option of the plaintiff in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or his principal place of business through which the contract has been made, or before the court at the place of destination."

According to plaintiffs this Court fills two of the four categories spelled out in Article 28 of the Convention: (1) the place of business of the defendant through which the contract of carriage has been made; and (2) the final destination of the contract of carriage. We

find that Puerto Rico does not fill the first alleged category. We do not decide whether San Juan, Puerto Rico is the place of destination, thus making the Warsaw Convention applicable in the present case and awarding this court jurisdiction over the subject matter present at bar because we find it unnecessary as we are dismissing the present case for lack of *in personam jurisdiction* over the defendant as we will now discuss.

In the complaint it is alleged that the accident giving rise to the present legal controversy took place in the escalator in route to the aircraft. For the purposes of the present incident we take that as an allegation that the accident took place while in the process of embarking within the meaning of the Warsaw Convention. *MacDonald v. Air Canada*, 1 Cir., 439 F.2d 1402; *Evangelinos v. T.W.A.*, 396 F.Supp. 95 (DC W.Pa., 1975).

In the present case plaintiffs, pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, served defendant with copies of summons and the complaint through Certified Mail, Return Receipt Requested, at Tokyo Bld., 2–3–2 Marunouchi, Tokyo, Japan and at Fifth Ave., New York, N.Y., and serving the Secretary of State of Puerto Rico with such documents according to Rule 4.7 of the Rules of Civil Procedure of the Commonwealth of Puerto Rico. Plaintiffs also served American Airlines with copies of summons and the complaint.

Defendant herein moved this Court in a special appearance and requested that we quash the service of summons upon Japan Air Lines. As the legal reason for such a motion defendant argues that plaintiffs moved the Court for an order to serve summons upon defendant by Certified Mail, Return Receipt Requested, under Rule 4(e) of the Federal Rules of Civil Procedure and contends that there is no "statute of the United States" which may authorize this mode of service.

Rule 4(e) of the Federal Rules of Civil Procedure reads:

"(e) *Same: Service Upon Party Not Inhabitant of or Found Within State.* Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule." . . .

Plaintiffs very ably responded to such an allegation by advancing several theories as to the propriety of service of summons in the present case. The first of these theories is that defendant Japan Air Lines was properly served with service to its local agent, American Airlines, under Rule 4(d)(3) of the Federal Rules of Civil Procedure. We have not been convinced, as this case now stands, that American Airlines can be considered an agent of defendant Japan Air Lines for the purpose of service of summons as will later be more fully discussed.

As an alternate or additional theory, plaintiffs also alleged that service of summons was duly made pursuant to Rule 4(d)(7) of the Federal Rules of Civil Procedure by serving Japan Air Lines by Registered Mail, Return Receipt Requested. Rule 4(d)(7) states:

"Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by the law of the state in which the district court is held for the service of summons of other like process upon any such defendant in an action brought in the courts of general jurisdiction of the state."

Plaintiffs' insistence that we find that the Warsaw Convention is herein applicable becomes evident at the present moment. Plaintiffs' reasoning is that once deemed applicable to the instant case, the treaties can be considered as "statutes of the United States" as used in the Federal Rules of Civil Procedure. Pursuant to Rule 4(d)(7), due to the fact that the statute-treaties do not provide for the manner in which the summons and complaint are to be served, then the law of the state in which the district court sits shall prescribe the manner for such service. Thus enters into consideration, according to plaintiffs, Rule 4.7 of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, Title 32, L.P. R.A., App. II, Rule 4.7.

Plaintiffs also alleged that Rule 4(e) of the Federal Rules of Civil Procedure, in an identical way as Federal Rule 4(d)(7), adopts the Puerto Rico Rule of Civil Procedure Number 4.7.

Finally, plaintiffs avail themselves of Rule 4(i)(1)(D) of the Federal Rules of Civil Procedure providing for alternative provisions for service in a foreign country, permitting that service be made by any form of mail, requiring a signed receipt, to be addressed and dispatched by the Clerk of the Court to the party to be served. Also, plaintiffs aver that Japan is a signatory to the Convention of Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (28 U.S.C.A., Federal Rules of Civil Procedure, Rules 1 to 11, Cumulative Annual Supplement for Use in 1974).

Defendant in the present case seems to be questioning the *manner* in which service was accomplished while the real issue is whether there exists *in personam* jurisdiction over said party. Plaintiffs make no efforts to clear out said misconception. So that justice be done we are faced with the task of focusing the real issue and deciding accordingly.

We hold that either under Federal Rule of Civil Procedure 4(d)(7) or Rule 4(e), which adopt the Puerto Rico Rule 4.7 of Civil Procedure, the *manner* of service on Japan Air Lines was correctly accomplished by plaintiffs. However, such holding is not dispositive of the real legal issue present in this case.

Rule 4.7 of the Rules of Civil Procedure of the Commonwealth of Puerto Rico provides:

"*Substitute service.—*

(a) Where the person to be served is not within Puerto Rico, the General Court of Justice of Puerto Rico shall have personal jurisdiction over said nonresident as if he were a resident of the Commonwealth of Puerto Rico, if the action or claim arises as a result of the following:

(1) Such person or his agent carries out business transactions within Puerto Rico; or

(2) Executes by himself or through his agent, tortious acts within Puerto Rico; or

(3) Meets with an accident while by himself or through his agent driving a motor vehicle in Puerto Rico; or

(4) Meets with an accident in Puerto Rico in the operation, by himself or through his agent, of a freight or passenger-transportation business in Puerto Rico or between Puerto Rico and the United States or between Puerto Rico and a foreign country, or the accident occurs outside of Puerto Rico in the operation of such business, when the contract has been executed in Puerto Rico; [or]

(5) Is the owner, or by himself, or through his agent, uses or owns real property located in Puerto Rico.

(b) In such cases it shall be incontrovertibly presumed that the defendant has designated the Secretary of State of Puerto Rico as his agent and he shall signify his consent so that the former may receive service of summons, complaints, and judicial notices, and to such effect a copy of the summons and of the complaint shall be served upon the Secretary of State or upon his designee, and the plaintiff shall forthwith send to the defendant a copy of those documents by registered mail with return receipt. Any judicial step so taken shall have the same legal force and effect as a personal service."

As has been previously stated by this Court Rule 4.7 of the Rules of Civil Procedure of Puerto Rico embodies the doctrine of minimum contacts set out by the Supreme Court of the United States in *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). See *Executive Air Services, Inc. v. Beech Aircraft Corp.,* 254 F.Supp. 415 (DC PR 1966).

We must then analyze all the facts brought to this Court to determine whether or not Japan Air Lines has had minimum contacts with Puerto Rico so as to render it amenable to proceedings in this Court.

Plaintiffs' agency theory has not convinced this Court and the same can not be a basis for finding that Japan Air Lines has done business in Puerto Rico through a local agent, in this case American Airlines. The record shows no fact to this effect. No evidence has been introduced, and it is only stated that American Airlines is the local agent because it was the entity that issued the ticket on defendant's behalf. Plaintiffs alleged that American Airlines is an appointed agent, but no evidence of such an appointment is brought before this Court to that effect. Mere allegations do not suffice.

■ Another alternative which this Court can find is that plaintiffs are trying to advance a theory of "implied agency" from the alleged fact that American Airlines sold plaintiffs the ticket for the flight from New York to Tokyo via Japan Air Lines. This Court can go no further than extracting this theory from the skimpy allegations and evidence presented at this stage in this case. However, this "implied agency" theory can go both ways and a full picture of facts is necessary to conclude one way or the other: it could very well be

as plaintiffs allege that American Airlines acted as agent for Japan Air Lines in the sale of this ticket, and even though a single act, this Court, upon convincing facts, could have found that defendants were doing business in Puerto Rico through an agent thus meeting the minimum contacts requirements of the Puerto Rico Rule. See *Executive Air Services, Inc. v. Beech Aircraft Corp.,* supra; *San Juan Hotel Corp. v. Lefkowitz,* 277 F.Supp. 28 (DC PR 1967). But, the Court could have also found, again upon the facts that could have been presented, that American Airlines was an agent *for plaintiffs* and thus obtained the ticket on Japan Air Lines at plaintiff's request. Upon such mere assumptions this Court can not find that American Airlines acted as agent for Japan Air Lines in this case.

Within the context of Puerto Rico Rule 4.7 above copied, as it has been interpreted in Puerto Rico, can Japan Air Lines be deemed to have had the minimum contacts with Puerto Rico so as to find it amenable to the proceedings in this Court?

Japan Air Lines has no offices in Puerto Rico, nor has it appointed anyone as its local agent. No evidence has been introduced as to the regularity and volume, if any, of sales of tickets for Japan Air Lines in Puerto Rico.

*A. H. Thomas v. Superior Court,* 98 P.R.R. 864 (1970), is the only Commonwealth Supreme Court decision interpreting Rule 4.7. Therein the highest court of Puerto Rico read the doctrine of minimum contacts into Rule 4.7.[1] After thus establishing the prevalence of the minimum contacts doctrine, the Supreme Court of Puerto Rico added:

"However, even under the doctrine of minimum contacts, it is required that the contact within the forum be the result of a *purposeful act* on the part

of defendant, *Hanson v. Denckla,* 37 [357] U.S. 235 [78 S.Ct. 1228, 2 L.Ed.2d 1283] (1958), where it was stated at p. 253: 'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State . . . it is essential in each case that there be some acts by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws.' . . .'" (supra, at page 869, emphasis in the original).

The Court in *Thomas* went on to adopt as its own three rules elaborated to determine the *in personam* jurisdiction over a nonresident:

"(1) The nonresident defendant must do some act or consummate some transaction within the forum. It is not necessary that defendant's agent be physically within the forum, for this act or transaction may be by mail only. A single event will suffice if its effects within the state are substantial enough to qualify under Rule Three.

"(2) The cause of action must be one which arises out of, or results from, the activities of the defendant within the forum. It is conceivable that the actual cause of action might come to fruition in another state, but because of the activities of defendant in the forum state there would still be a 'substantial minimum contact.'

"(3) Having established by Rules One and Two a minimum contact between the defendant and the state, the assumption of jurisdiction based upon such contact must be consonant with the due process tenets of 'fair play' and 'substantial justice.' If this test is fulfilled, there exists a 'substantial minimum contact' between the forum

---

1. In a footnote number 4 of that opinion the Supreme Court stated: "We have already adopted the doctrine of dominant contacts in the area of conflict of laws on damages. *Wid-* *ow of Fornaris v. American Surety Co. of N. Y.,* 93 P.R.R. 28 (1966)". This to reaffirm the adoption of the *minimum contacts* test under Rule 4.7.

and the defendant. The reasonableness of subjecting the defendant to jurisdiction under this rule is frequently tested by standards analogous to those of *forum non conveniens.*"

In the present case plaintiff has failed to establish that the nonresident defendant has done some act or consummated some transaction within the forum with substantial effects within Puerto Rico under the second rule. Additionally, this Court is not ready to find that the assumption of jurisdiction over the nonresident defendant herein is consonant with the due process tenets of "fair play" and "substantial justice" in the light of the cases that will be now discussed.

If this were a Court bent on the practice of labeling, the present case would be catalogued as a "ticket case" meaning a case in which a ticket of the defendant for transportation in other states or countries, was sold in a particular state by a connecting carrier, and where the question arises as to whether such act alone, constitutes doing business on the part of the defendant in that state. See *Kenny v. Alaska Airlines, Inc.,* 132 F.Supp. 838 (D.C., 1955).

In the cases where it has been found that defendant's activities in the state where the action is brought constitute enough minimum contacts so that maintenance of the suit does not offend traditional notions of fair play and substantial justice the existence of contacts beyond the mere sale of tickets has been shown. In *Bryant v. Finnish National Airline,* 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439 (1965), the Court of Appeals of New York found that defendant, a foreign airline with its principal place of business outside of the United States and not registered to do business in New York, operating no aircraft in the United States, and whose flights all began and ended outside this country, was found to be subject to personal jurisdiction in New York basing such finding on the fact that defendant had a lease on an office in New York, employed several persons and had a bank account in that state. It was also found that defendant therein carried on public relations and publicity work in that state, transmitting requests and helping generate business in general. See also *Berner v. United Airlines, Inc.,* 3 N.Y.2d 1003, 170 N.Y.S.2d 340, 147 N.E.2d 732 (1957); *Eck v. United Arab Airlines, Inc.,* 2 Cir., 360 F.2d 804; *Scholnik v. National Airlines,* 6 Cir., 219 F.2d 115, for several examples of purposeful and assertive acts beyond the mere sale of tickets which gave grounds to find the required minimum contacts to exercise *in personam* jurisdiction over nonresident defendants.

In the case at bar we find none of the elements of affirmative action that were used to establish the "presence" of the defendants for purposes of acquiring *in personam* jurisdiction over the defendant. To the best knowledge of this Court, Japan Air Lines has no offices in Puerto Rico, nor has it *appointed* anyone to act locally as its agent for any purpose, be it to receive service or to transact business. It has no employees in Puerto Rico, either full or part time, and there is no evidence of a substantial or even moderate volume of sales, soliciting or advertising.

Although a single act may be sufficient if enough substantiality is present to sustain jurisdiction in a specific case, the mere sale of two tickets on defendant's airline, by itself, is not compatible with the principles of fair play and justice necessary for due process. In *Pike v. New England Greyhound Lines,* D.C., 93 F.Supp. 669, jurisdiction over the nonresident defendant was found to be absent. In *Pike* the question was whether the sale, by a domestic bus line in plaintiff's state, of through tickets on defendant's buses for travelling outside of the state constituted the doing of business in the state by defendant to bring it under the court's jurisdiction. The court therein found in the negative, even though evidence was introduced of advertising and the furnishing of time tables for use by the purchasers of the tickets.

In *Kenny v. Alaska,* supra, jurisdiction was also found to be lacking. In that case the foreign airline did not operate in the state where suit was brought, passenger tickets were sold in the district by other airlines and ticket agencies, providing transportation in the state's district by other airlines and connected passage on defendant's airline on routes outside such district. Defendant airline had similarly not appointed an agent for service of process in the state, but it had contracts with ticket agents, some of which were located in the district, and interline agreements with at least two airlines which operated the district. It had no employees in the state. The only activity carried on there on its behalf was the sale of tickets for passage from points originating and ending outside the state. The Court therein found that defendant's activities were too limited to fulfill the state's "presence" requirements. We find that in the case at bar defendant's activities in Puerto Rico, if any, are much more limited than those present in *Kenny,* supra. Fair notions of fair play and substantial justice demand that plaintiffs show a more convincing set of facts, if they exist, before *in personam* jurisdiction over defendant herein be found to exist.

In view of the foregoing, this Court finds that there is no *in personam* jurisdiction over defendant Japan Air Lines; defendant's motion to quash service of summons is granted and, therefore, the complaint is hereby dismissed.

The Clerk of the Court is ordered to enter Judgment accordingly.

IT IS SO ORDERED.