Evelio **CERVANTES, et al., Plaintiffs,**

v.

**ALLEGHENY LUDLUM INDUSTRIES, INC., Defendant.**

**Civ. No. 80–2025.**

United States District Court, D. Puerto Rico.

April 29, 1981.

Raúl E. González Díaz, Hato Rey, P. R., for plaintiffs.

Herbert W. Brown III, San Juan, P. R., for defendant.

## OPINION AND ORDER

### GIERBOLINI–ORTIZ, District Judge.

This case is now before us on plaintiff's Motion to Remand and defendant's Motion to Dismiss for Lack of Jurisdiction Over the Person. While there is some dispute as to the facts surrounding conversations which allegedly took place between counsel for plaintiffs and counsel for defendant with regard to the issue of remand, we will outline the facts as they are set forth and as to which there is no dispute.

On July 3, 1980 a complaint was filed by plaintiffs against defendant, Allegheny Ludlum Industries, Inc., (Allegheny), before the Superior Court of Puerto Rico, San Juan Part. On July 10, 1980, prior to service of process, the complaint was amended to correct typographical errors and to increase the amount claimed. In compliance with the requirements of Rules 4.5 and 4.7 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. App. II, R. 4.5 [1] and 4.7, permis-

---

1. Rule 4.5 establishes that:

   "The Court shall issue an order providing for service by publication when process is to be served on a person outside Puerto Rico or on a person who may be in Puerto Rico but who cannot be located although attempts have been made to locate him, when the person goes into hiding to avoid being served with process, or when process is to be served on a foreign corporation with no resident agent, provided one of the above is proved to the satisfaction of the court in an affidavit stating the steps taken,

sion was sought to serve process by way of publication, since defendant is a non resident corporation. On August 16, 1980 an edict was published in a newspaper of general circulation. Rule 4.5 requires that within ten (10) days after the publication of the edict, copy of the summons and complaint be sent by certified mail to the last known address of the defendant.

On September 12, 1980 defendant filed with this court a petition for removal, pursuant to the provisions of 28 U.S.C. § 1446(b). Diversity of citizenship between the parties was alleged as ground for the removal sought. Simultaneously, defendant filed a Motion to Quash Service of Process and to Dismiss for Lack of Jurisdiction Over the Person. Defendant's contention was that it was not engaged in business in the Commonwealth of Puerto Rico, nor did it conduct any business, either directly or through agents, within this jurisdiction. Accompanying the motion and brief was an affidavit executed by an officer of defendant setting forth these particulars. Thereafter, plaintiff sought and obtained from the court time to conduct discovery in an effort to obtain the necessary information to oppose defendant's motion. Additionally, plaintiffs sought to have this case consolidated with two other actions, which had been brought against plaintiff, Evelio Cervantes, by two subsidiaries of Allegheny. On December 2, 1980, plaintiffs sought an extension of time to complete discovery, which was granted through January 15, 1981. A deposition was taken during this period. On January 15, 1981 plaintiffs, rather than responding to the pending Motion to Dismiss for Lack of Jurisdiction, filed instead a Request for Remand.

Plaintiffs base their request on the ground that defendant failed to petition for removal within the thirty (30) days after the receipt by defendant of a copy of the complaint. Plaintiffs contend that on July 3, 1980, the same date that the original complaint in this case was filed in the Superior Court, a copy of that complaint was forwarded along with answers by plaintiff, Evelio Cervantes, to the complaints which had been filed by the two subsidiaries of Allegheny, to the attorney who represented those subsidiaries. It is alleged that since counsel for those subsidiaries appeared subsequently on behalf of Allegheny in this litigation, receipt by counsel for defendant constitutes receipt by the defendant as set forth in 28 U.S.C. § 1446(b), which provides:

"The petition of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in Court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

That the 30-day period set forth in section 1446(b) must be strictly complied with is beyond dispute. The question which must be decided is whether the fact that a copy of the original complaint filed in this case in the Superior Court was forwarded to an attorney who at the time represented subsidiaries of the defendant herein, and later appeared on behalf of Allegheny, commenced the running of the 30-day period within which defendant must petition for

---

and provided that said statement or the verified complaint filed states a claim justifying the granting of some relief against the person to be served or that the person to be served is a proper party to the action. The return of process, unexecuted, shall not be a pre-requisite for an order for service by publication.

The order shall provide that the notice be published once in a daily newspaper of general circulation in Puerto Rico. The order shall further provide that, within the next ten (10)

days following the publication of the notice, the defendant shall be sent a copy of the summons and of the complaint filed, by certified mail, return receipt requested, to his last known address, unless a sworn statement is made justifying that in spite of the steps taken, which shall be stated, it has been impossible to find any known address of the defendant, in which case the court will exempt plaintiff from complying with this provision."

removal. Plaintiffs direct our attention to the case of *Automatic Merchandising Corporation v. Zenga*, 159 F.Supp. 489 (D.C. Mass.1958) as controlling in this case. We need not enter into a determination of whether counsel for Allegheny, who at the time copy of the original complaint was forwarded to him was counsel for Allegheny's subsidiaries, acted as an agent for Allegheny. Likewise, we need not resolve the conflict between the two versions given by the parties as to conversations which took place. In *Gibbs v. Paley*, 354 F.Supp. 270 (D.C.P.R.1973), a case not dissimilar to the case at bar, this court noted that where the procedure followed by the plaintiff is not sanctioned by state law, the receipt by a defendant of an initial pleading will not suffice to start the running of the term for removal. *Gibbs* was decided prior to the 1979 new Puerto Rico Rules of Civil Procedure. At that time, Rule 4.5 required that in order to perform substituted service on nonresident defendants, copy of the summons, complaint and other documents on file were to be sent to the defendant by certified mail forthwith after service of process on the Secretary of State of Puerto Rico. The plaintiff in *Gibbs*, after obtaining an order from the Superior Court to perform service by means outlined above and prior to service on the Secretary of State of Puerto Rico, as required by then Rule 4.5 mailed to the defendant copies of the summons and complaint filed. After careful analysis of the rules relating to substituted service and in particular the definitive interpretations of the Supreme Court of Puerto Rico requiring strict compliance with the service requirements, the Court concluded in *Gibbs* that the mailing prior to service on the Secretary of State of Puerto Rico did not comply with the requirements set forth. The court went on to hold that the mailing prior to service on the Secretary of State of Puerto Rico was a nullity and that the term for removal did not start until the rule had been complied with. In 1979, the Legislature of Puerto Rico enacted the new Rules of Civil Procedure and Rule 4.5 was modified to exclude the requirement of service on the Secretary of State of Puerto Rico. Rule 4.5 now requires that in the case of nonresident defendants a motion be filed supported by an affidavit requesting permission to perform service by way of publication of edict with a subsequent mailing by certified mail of summons and complaint to the last known address of the defendant. In the case at bar, the failure to follow the procedures set forth in Rule 4.5 of the Puerto Rico Rules of Civil Procedure is more obvious than in *Gibbs*. As noted previously, Rule 4.5 now requires that an order be obtained allowing service by way of edict, and that the order must provide that within ten (10) days of publication of the edict copy of the summons and complaint be sent via certified mail, return receipt requested. Obviously, at the time the complaint was mailed to counsel for defendant, which was on the same date that the original complaint was filed, July 3, 1980, the order permitting service by edict had not been published. In fact, it was not published until August 16, 1980. Thus, if this court were to find that counsel for defendant could properly have been served pursuant to 28 U.S.C. § 1446(b), service made prior to the granting of the order for service by edict or publication of the edict was invalid or null. This holding conforms with that which this court set forth in *Gibbs*. We conclude, therefore, that the removal made by defendant, Allegheny, was timely and in conformity with the provisions of 28 U.S.C. § 1446(b).

We turn now to the issue of defendant's Motion to Dismiss for Lack of Jurisdiction Over the Person. Puerto Rico's "long arm" rule is contained in Rule 4.7 of the Puerto Rico Rules of Civil Procedure, which provides in its pertinent part:

"(a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1) Transacted business in Puerto Rico personally or through an agent."

In *Vencedor Manufacturing Co., Inc. v. Goughler Industries, Inc.*, 557 F.2d 886 (1st Cir. 1977), it was noted that Rule 4.7 per-

mits the exercise of jurisdiction to the full extent of constitutional authority limited only by the due process analysis of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and succeeding cases. The Court of Appeals for the First Circuit has noted that:

> "To sustain in personam jurisdiction over a foreign corporation, the Court must find both that personal jurisdiction is authorized by the local statute and that the exercise of such jurisdiction does not violate the due process requirement that the nonresident defendant has certain 'minimum contacts' with the forum state." *Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 628 F.2d 652, 667 (1st Cir. 1980) (Cases cited omitted).

 Clearly, the contacts must be such that jurisdiction, "does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 289, 100 S.Ct. 559, 563, 62 L.Ed.2d 490 (1980).

This court has defined the elements which must be present in order to maintain *in personam* jurisdiction of a nonresident defendant. In *Schering Transamerica Corporation v. Torres Cavet*, 290 F.Supp. 362 (D.C.P.R.1968) we noted that plaintiff must establish that the defendant transacted business within the geographic limits of the court's jurisdiction and that the cause of action upon which the suit was based arose out of the business so transacted. In *Albandoz de Reyes v. Japan Airlines*, 70 F.R.D. 64, 70 (D.C.1975) we held that *in personam* jurisdiction did not exist since defendant

"Has no offices in Puerto Rico, nor has it appointed anyone to act locally as its agent for any purpose, by it to receive service or transact business. It has no employees in Puerto Rico, either full or part time, and there is no evidence of a substantial or even moderate volume of sales, soliciting or advertising."

 In the case at bar, defendant has accompanied its Motion and Brief to Quash Service of Process and to Dismiss for Lack of Jurisdiction Over the Person with an affidavit executed by James T. Dougherty, Vice President, General Counsel and Secretary of the defendant corporation, in support of the allegation that defendant did not have any business contacts or otherwise with the Commonwealth of Puerto Rico.[2] Plaintiffs, having had ample and sufficient time to gather the kind of evidence which is required to establish minimum contacts, have failed to do so and have also failed to properly rebut under oath the assertions of Mr. Dougherty.

In view of the foregoing, plaintiff's Motion to Remand is DENIED and defendant's Motion to Dismiss for Lack of Jurisdiction is GRANTED. Consequently, the complaint herein is dismissed.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

---

**2.** In its pertinent part, Mr. Dougherty states:

"Allegheny Ludlum Industries, Inc. does not have nor at any material time has it had any offices in Puerto Rico, it has never at any material time been in business in Puerto Rico nor has it at any material time had or does it have any agents in Puerto Rico, nor does it carry out directly or through agents business transactions within Puerto Rico, nor has it at any material time directly or through any agents executed tortious acts within Puerto Rico.

Allegheny Ludlum Industries, Inc. does not operate directly or indirectly or through any agent, a freight or passenger transportation business in Puerto Rico, or between Puerto Rico and the United States, or between Puerto Rico and a foreign country, nor has it at any material time met with an accident occurring in or outside of Puerto Rico in the operation of a motor vehicle or a freight or passenger transportation business in Puerto Rico, or between Puerto Rico and a foreign country when the contract had been executed in Puerto Rico.

Allegheny Ludlum Industries, Inc. is not nor has it at any material time ever been, the owner by itself or through any agent, nor does it use, any property located in Puerto Rico, nor is it transacting or has it at any material time ever transacted business in Puerto Rico."