Lloyd A. POTTER

v.

Helen L. McCAULEY.

Civ. A. No. 12255.

United States District Court
D. Maryland,
Civil Division.

Aug. 4, 1960.

James R. Miller, Sr., G. Richard Park, Rockville, Md., for plaintiff.

Albert G. Aaron, Baltimore, Md., Mark P. Friedlander, Friedlander & Friedlander, Washington, D. C., for defendant.

CHESNUT, District Judge.

The plaintiff's motion to remand this case to the state court, on the ground that the petition to remove it from a state court to this court was not timely, requires a determination of the proper meaning and application of the word "otherwise" in 28 U.S.C.A. § 1446, subsection (b), as amended in 1949, which provides in relevant part here as follows:

"(b)  The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." (Emphasis supplied.)

The question is presented under somewhat unusual conditions. On March 15, 1960 the plaintiff filed a suit in the Circuit Court for Montgomery County, Maryland, seeking specific performance by the defendant of an alleged contract dated September 21, 1959 for the sale of certain real estate situated in Montgomery County. The plaintiff is a citizen of Maryland and the defendant, the owner of the property, is a resident of the District of Columbia. It was not legally possible to serve process personally from Maryland on the defendant and no attempt was made by the plaintiff to do so. However, the plaintiff was represented by counsel in Montgomery County and the defendant by counsel in Washington, D. C. Even prior to the filing of the suit there were conferences between respective counsel regarding a possible agreement but they came to nought, and the suit was filed. At the time of doing so plaintiff's counsel wrote a letter, dated March 15, 1960, to defendant's counsel enclosing a copy of the bill of complaint in equity which had been filed with the suit in Montgomery County, and in the letter accompanying the complaint, inquired whether the defendant would accept service or would the plaintiff be required to "advertise". It is inferable that plaintiff's counsel was here referring to the possibility that substituted service by the plaintiff could be made on the defendant by publication under the Maryland Code of 1957, Art. 16, § 128, (see also Md. Rules of Procedure, Rules 178, 111, 105), but it is unnecessary to decide or even imply whether this or possibly some other section of the Maryland statutes would be applicable to this case as the plaintiff made no effort to advertise or publish notice of the suit.

It appears that subsequent to the mailing by plaintiff's counsel of a copy of the complaint, there were further conferences between opposing counsel but there was no acceptance by defendant's counsel of service, and no service or attempt thereof was ever made.

On June 16, 1960, more than twenty days after receipt by defendant's counsel of a copy of the complaint above mentioned, defendant filed an order of appearance in this court and petition for removal of the case from Montgomery County to this court, saying in her petition that "she desired to enter her general appearance in this court" and to remove the case hereto. On June 30, 1960 the plaintiff filed a motion to remand the case on the ground that it was not timely filed because more than twenty days after receipt by defendant's counsel of a copy of the complaint. This is opposed by the defendant on the ground that the twenty

days did not begin upon the receipt of the copy of the complaint.

Plaintiff's contention is that as defendant's counsel received a copy of the complaint *otherwise* than through service, the twenty days began to run from the receipt of the complaint by mail, even though there had been no personal service before the receipt of the complaint. This is a purely literal application of the word "otherwise" which, I think, is unsound from the whole content of the historical development of the amended statute.

■ Stemming from the Federal Act of 1875 (18 Stat. 470) authorizing the removal of a civil suit of this nature from a state to a federal court, the statutory provision as it existed with prior amendments thereto before the revision of the Judicial Code of 1948, provided in the removal of a civil suit from a state court to a federal court, the defendant was required to file in the state court a petition to the Judge of that court for an order for the removal before the expiration of the time for pleading as provided in the state procedure. This, of course, necessarily implied that service on the defendant had to be made before he was required to plead. It will also be remembered that in the Federal Judicial Code prior to 1948 there were other and different modal provisions for the removal of various classes of suits with respect to whether they were civil or criminal. To remove a criminal case the petition was required to be addressed to a federal judge and not to a state judge, and the time for application was, as I recall, any time before the trial of the case in the state court. In the revision of the Judicial Code it was thought desirable to make the modal provision with respect to where the petition for removal should be filed and, so far as possible, the time within which it was filed, "uniform"; and with respect to the removal of a civil case the provision in 28 U.S.C.A. § 1446 provided as follows: "(b) The petition for removal of a civil action or proceeding may be filed within twenty days after commencement of the action or service of process, whichever is later." 62 Stat. 939. It will be noted that as so worded the requirement with respect to the computation of the twenty days allowed included at least personal service but did not require service of a copy of the complaint. The omission of the latter was thought to be unreasonable because the defendant could not fairly be required to decide whether he wished to remove the case until he had received a copy of the complaint and to learn therefrom the basis for the suit. It is also to be noted that procedural provisions of the several States varied greatly with respect to when and how, after personal service, a copy of the complaint was to be filed with, served on, or perhaps otherwise made available to the defendant by filing a copy in court. To remedy this defect in section 1446 as effective in 1948, the provision as to computation of time of twenty days was amended by the Act of 1949, 63 Stat. 101, as I read it, to provide that the twenty days began to run if a copy of the complaint was given the defendant with personal service and if not, had been filed in court; but in any case the defendant was allowed at least twenty days after personal service. In the instant case there was no personal service by legal process on the defendant, but only a voluntary acceptance of service by the defendant as invited by the plaintiff, which occurred when the defendant entered a general appearance in this case and at the same time petitioned for removal of the case. Obviously, therefore, the allowed period of twenty days had not expired after service although the complaint had been received more than twenty days prior thereto. Thus, in this case the twenty-day period did not run from the receipt of the complaint but only from the acceptance of service which was necessarily required. The purpose of the amendment was explained in the report of the Chairman of the Senate Committee to be found in U.S.Code Con-

gressional Service, 1949, page 1254.[1] See also the Reviser's Notes, 28 U.S.C.A. § 1446; Moore's Commentary on the U. S. Judicial Code (1949), pp. 272–274, 638–640; and Raymond's Inc. v. New Amsterdam Cas. Co., D.C.1956, 159 F. Supp. 212, opinion by District Judge Wyzanski.

■■ It is not possible to state definitely in general terms the precise scope and effect of the word "otherwise" in its context here because its proper application in particular situations will vary with state procedural requirements as to the method of effecting service of summons and time and place of filing the complaint. However, some things can be definitely said. In the first place, the evident purpose of the 1949 amendment was not to decrease but, in many situations, to enlarge the period of time within which the defendant was permitted to remove the case from the state to the federal court. Probably most any case will fall in one or the other of four categories. One, if the complaint is served on the defendant along with the summons, the twenty-day period begins to run at once; two, if the complaint not previously filed in court is served or furnished to the defendant by the plaintiff some time after the service of summons, the time begins to run on receipt of the complaint by the defendant; and three, if a copy of the complaint is not furnished directly to the defendant but is merely filed in court some time after service, in accordance with local requirements, it seems that the time will begin to run from the date of filing the complaint when it is thus made available to the defendant. At least the latter contingency seems to have been the deciding factor in the case of Raymond's Inc.

v. New Amsterdam Cas. Co. above cited. Finally (four) if a copy of the complaint is not furnished directly to the defendant, but has been filed in court prior to the service of summons, the twenty-day period begins to run from the service of summons. It will be noted that in all the four categories the defendant has at least twenty days from the date of service of summons; and in some he has more, dependent upon the actual or constructive receipt of the complaint. Possibly it may be said that the uncertainty results not so much from the use of the word "otherwise" as with what, under varying state procedure, constitutes "receipt of the complaint" by the defendant.

Counsel for the plaintiff cites two cases thought by him to support his contention. One is the opinion of Judge Wyzanski mentioned which, under the particular facts, resulted in the remand of the case because the removal had not been timely; but the conclusion was based on particular procedural provisions of a Massachusetts statute which are not applicable here, and the discussion of the opinion as a whole, I think, seems to support the conclusion I have reached in this particular case. The other case, Potter v. Kahn, D.C.S.D.N.Y.1952, 108 F. Supp. 593 was also based on particular procedural provisions of a New York statute under which a foreign attachment action had been begun in a New York state court and while publication in accordance therewith was running, a copy of the complaint was received by the defendant in Switzerland, after it had been mailed to him by plaintiff's counsel. In the instant case, as I have noted, the plaintiff had not attempted substituted service by publication. It may

---

[1]. "In some States suits are begun by the service of a summons or other process without the necessity of filing any pleading until later. As the section now stands, this places the defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about. As said section is herein proposed to be rewritten, a defendant is not required to file his petition for removal until 20 days after he has received (or it has been made available to him) a copy of the initial pleading filed by the plaintiff setting forth the claim upon which the suit is based and the relief prayed for. It is believed that this will meet the varying conditions of practice in all the States."

possibly also be suggested that as there has as yet been no effective personal service on the defendant, her petition for removal might be considered premature; but the answer to this, I think, is that the plaintiff can make no objection on that ground because he has invited the defendant to voluntarily accept service and I consider the defendant's general appearance in this court to constitute such an acceptance of service.

A survey of the removal statutes and the judicial history thereunder will, I believe, show that the federal courts generally have not tended to expand their jurisdiction by removal practice. Whether this non-jury equity case is ultimately tried on its merits in the state or federal court would not seem to be especially important because the controlling law applicable to such a case where the basis of the removal is diversity of citizenship would require the application of the Maryland law.

But however that may be, I have concluded that the plaintiff's motion to remand to the state court should be, under the applicable facts and law, overruled, and it is so ordered this 4th day of August, 1960.