### Edward C. MOORE
### v.
### FIREDOOR CORPORATION OF AMERICA.
#### Civ. No. 16706.

United States District Court
D. Maryland.

Feb. 17, 1966.

George W. Shadoan, Rockville, Md., for plaintiff.

Norwood B. Orrick and Venable, Baetjer & Howard, Baltimore, Md., and Alfred H. Carter and Simpson & Simpson, Rockville, Md., for defendant.

THOMSEN, Chief Judge.

Plaintiff has moved to remand this action to the Circuit Court for Montgomery County on the ground that the petition for removal was not timely under 28 U.S.C.A. 1446(b), which, as amended in 1949 and before a further amendment on Sept. 29, 1965,[1] provided:

> "§ 1446. Procedure for removal
> " * * *
>
> "(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> "If the case stated by the initial pleading is not removable, a petition

---

1. The 1965 amendment merely changed the twenty day period to thirty days.

for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The action was instituted in the state court on April 8, 1965, by the filing of a declaration which stated simply that plaintiff sues defendant, a foreign corporation, "for money payable by the Defendant to the Plaintiff: For work done and materials provided by the Plaintiff for the Defendant at its request," and claimed $25,000 and costs.

Service was attempted on defendant by mailing a copy of the declaration and notice of suit by registered mail to defendant at its place of business in New York and by serving a copy of the declaration and summons on the Secretary of State of Maryland, pursuant to Article 66½, section 115 of the Annotated Code of Maryland. An affidavit of such service was filed in the state court on April 21, 1965. Section 115, however, pertains only to the service of process on a nonresident individual, firm or corporation "growing out of any accident or collision in which said nonresident may be involved, while operating or causing to be operated, a motor vehicle * * *." It is not alleged in the declaration nor argued by plaintiff that this case comes within the purview of that section; nor is it claimed that the purported service was justified under any other provision of the Maryland Code.

After receiving the aforesaid copy of the declaration and notice of suit, defendant engaged counsel, who discussed the matter with plaintiff's counsel, but did not file any papers in or with respect to the action in the state court, since they believed the purported service to be null and void. On August 25, 1965, plaintiff caused process to be served on the State Department of Assessments and Taxation, pursuant to Maryland Rule 106(e) and Article 23, sections 92–99 of the Maryland Code. The Department promptly forwarded the summons and copy of the declaration to defendant in New York, and on September 10, 1965, defendant filed its petition for removal in this court.

Plaintiff contends that the petition for removal was not timely, but should have been filed within twenty days after a copy of the declaration was received by defendant through the mail in April 1965, despite the fact that the attempted service of process was clearly null and void.

The legislative history and purpose of the 1949 amendment to 28 U.S.C.A. 1446 are elucidated in Potter v. McCauley, D.Md., Chesnut, J., 186 F.Supp. 146 (1960), Benson v. Bradley, D.Minn., 223 F.Supp. 669 (1963), and the cases cited and discussed in those opinions.

In Potter v. McCauley, plaintiff had filed suit against a nonresident in the state court, and in March 1960 had written a letter to defendant's counsel, enclosing a copy of the bill of complaint and inquiring whether defendant would accept service or plaintiff would be required to "advertise". Conferences between counsel followed, but there was no acceptance of service by defendant's counsel and no service or attempt at service until June 1960, when defendant filed an order of appearance in the district court and a petition for removal of the case from the state court. In a full and careful opinion Judge Chesnut concluded that the petition for removal was timely, because the statute did not contemplate that the time for removal should run from the receipt by a defendant of a copy of the original pleading without any service of process or publication.

The closest case on the facts which has been cited or found is Rodriguez v. Hearty, S.D.Tex., 121 F.Supp. 125 (1954). In that case plaintiffs, residents of Texas, sued defendants, residents of Louisiana, in a state court in Texas for damages arising out of an automobile collision. Although the action was in personam, and notwithstanding the provisions of the Texas statute which authorized service on a nonresident motorist by process served on the Chairman of

the State Highway Commission, plaintiffs procured the issuance by the clerk of a "Notice to Serve Non-Resident Defendant" (authorized by Rule 108, Texas Rules of Civil Procedure, usually employed in proceedings in rem), and caused such notice to be served on defendant in New Orleans. Later, plaintiffs caused process to be served in accordance with the proper statute, and defendant filed its petition for removal within twenty days thereafter. The district judge held that the petition was timely. Commenting on the original service, the judge stated:

> " * * * This type of service was, of course, a complete nullity and did not subject defendants to the jurisdiction of the state court.*
>
> "* Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Guerra De Chapa v. Allen, D.C.Tex., 119 F.Supp. 129."

**2.** In the course of his discussion the judge said:
> "Plaintiffs point to the fact that a literal reading of the removal statute shows defendants were in 'receipt, through service or otherwise, of a copy of the initial pleading' by virtue of the previous service of the 'Notice to Serve Non-Resident Defendant,' issued pursuant to Rule 108 of the Texas Rules of Civil Procedure. But this ignores the fact that this action is a special proceeding, to which Rule 108 does not apply at all, but controlled by a statute applicable only to automobile collision cases in which a non-resident is involved, and with special requirements as to notice and service upon, or mailing of a copy of the 'initial pleading' to, a defendant. Plaintiffs also say that, within 20 days after receipt of the invalid notice, defendants could have removed the case and then raised the question as to validity of the service and notice in this court. But the 'Notice to Serve Non-Resident Defendant,' upon which plaintiff relies, is void

They were not required to answer and no valid judgment could be rendered against them unless they entered their appearance." 121 F. Supp. at 125–126.[2]

■■ Likewise, in the instant case the original attempted service under the nonresident motorist statute was a nullity. This Court concludes that section 1446(b), properly construed, requires service of process or substituted service under some appropriate rule or statute before the twenty (now thirty) day period starts to run.[3]

The cases cited by plaintiff herein are not inconsistent with this conclusion. They deal with other problems presented by the statute, and isolated expressions therein must be read in the context of the particular case.

The petition for removal in the instant case was timely. The motion to remand is hereby denied.

> in an automobile injury case. Defendants were not required to enter an appearance or move to quash or remove. To give the statute the interpretation plaintiffs assert would permit all plaintiffs to evade the provisions of the Texas non-resident motorist statute and lead to other unreasonable methods. For instance, a plaintiff might mail a copy of the initial pleading to a nonresident and then assert that since he had received a copy 'otherwise' than by service, such defendant must file a petition to remove within 20 days. Congress could not have intended any such result." 121 F.Supp. at 127–128.

**3.** Of course, service under an appropriate rule or statute may be ineffective for lack of jurisdiction over the defendant, e.g. because the defendant was not doing business in the state within the meaning of the applicable rule, and a motion to quash the service may be filed after removal. General Investment Co. v. Lake Shore & M. S. Ry., 260 U.S. 261, 288, 43 S.Ct. 106, 67 L.Ed. 244 (1922).