**SCHWARTZ BROTHERS, INC., Plaintiff,**

v.

**STRIPED HORSE RECORDS, et al., Defendants.**

**Civ. A. No. R-90-1511.**

United States District Court, D. Maryland.

Aug. 30, 1990.

---

Leonard S. Goodman, Arent, Fox, Kintner, Plotkin and Kahn, Bethesda, Md., for plaintiff.

Morris Topf, Bethesda, Md., for defendant Carlo Nasi.

## MEMORANDUM AND ORDER

RAMSEY, District Judge.

Pending before the Court in the above-captioned case are two motions: Defendant Carlo Nasi's motion to quash service of process and dismiss complaint for lack of in personam jurisdiction and for defective service of process; and Plaintiff's motion to remand the action to state court. Both motions have been responded to and the Court is now prepared to rule without need for a hearing pursuant to Local Rule 105.6 (D.Md.1989). For the reasons set forth below, the Court will grant plaintiff's motion to remand and will not reach defendant Nasi's motion to quash and dismiss.

Briefly stated, this is an action for breach of contract brought by Schwartz Brothers against Striped Horse Records, Inc., and one of its officers, Carlo Nasi.[1] Initially, Schwartz Brothers filed suit in the Circuit Court for Prince George's County on June 7, 1989. Schwartz Brothers attempted to serve Nasi—a citizen and resident of Italy—by leaving a summons and a copy of the complaint with a receptionist in Milan, Italy. The receptionist ultimately turned the papers over to Nasi. On November 24, 1989, Nasi moved to quash service of process, to dismiss for lack of personal jurisdiction, and to dismiss for failure to state a claim.[2] By Order dated March 14, 1990, Judge Graydon S. McKee, III, granted Nasi's motion to quash but permitted Schwartz Brothers an additional 30 days to perfect service in accordance with the Hague Convention on Service Abroad. Without discussion, Judge McKee also denied Nasi's motion to dismiss for lack of personal jurisdiction and for failure to state a claim.[3] After an additional extension of time to serve Nasi, Schwartz Brothers again attempted to serve him on May 11, 1990, by leaving a copy of the summons and complaint with an individual at Nasi's business.[4] On June 5, 1990, asserting federal jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332, Nasi removed this action from state court to this Court.

The issue presented by Schwartz Brothers' motion to remand is straightforward. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." Schwartz Brothers contends that the thirty day period began to run when Nasi first received a copy of the complaint, sometime prior to filing his initial motion to quash in state court last November. Nasi contends, in contrast, that the thirty day period begins to run only upon proper service being effectuated. Conceding only for the purposes of Schwartz Brothers' motion to remand that perfected service occurred on May 11, 1990, Nasi contends that his notice of removal on June 5, 1990, was timely.

This precise issue is the subject of a number of district court opinions. Two lines of cases have developed. One line, best exemplified by *Love v. State Farm Mutual Automobile Insurance Company*, 542 F.Supp. 65 (N.D.Ga.1982), holds that the thirty day period allowed in § 1446(b) commences upon proper service. Mere receipt of the complaint, if it does not comply with the applicable state rules of service of process, does not start the clock ticking. *See Marion Corp. v. Lloyds Bank, PLC*, 738 F.Supp. 1377 (S.D.Ala.1990); *Goodyear Tire & Rubber Co. v. Fuji Photo Co., Ltd.*, 645 F.Supp. 37 (S.D.Fla.1986); *Hunter v. American Express Travel Related Services*, 643 F.Supp. 168 (S.D.Miss.1986); *Thomason v. Republic Ins. Co.*, 630 F.Supp. 331 (E.D.Cal.1986); *Quick Erectors, Inc. v. Seattle Bronze Corp.*, 524 F.Supp. 351 (E.D.Mo.1981); *Gibbs v. Paley*, 354 F.Supp. 270 (D.P.R.1973); *Moore v. Firedoor Corp. of America*, 250 F.Supp. 683 (D.Md.1966); *Potter v. McCauley*, 186 F.Supp. 146 (D.Md.1960).

---

**1.** Prior to this suit being removed to federal court, another officer of Striped Horse, Barney Ales, settled with Schwartz Brothers. He is no longer a party to this litigation.

**2.** Memorandum in Opposition to Motion to Quash Service of Process and Dismiss Complaint for Lack of In Personam Jurisdiction and For Defective Service, Exhibit 1.

**3.** *Id.*, Exhibit 3.

**4.** *Id.*, Exhibit 6. Nasi challenges the sufficiency of this service as well.

Another line of cases, exemplified by *Conticommodity Services, Inc. v. Perl,* 663 F.Supp. 27 (N.D.Ill.1987), hold that so long as the defendant receives actual notice of the substance of the litigation, proper service need not be effectuated for the thirty day clock of § 1446(b) to start. *See Pic–Mount Corp. v. Stoffel Seals Corp.,* 708 F.Supp. 1113 (D.Nev.1989); *Beckley, Singleton, DeLanoy, Jemison & List, Chartered v. Spademan,* 694 F.Supp. 769 (D.Nev.1988); *Dial–In, Inc. v. ARO Corp.,* 620 F.Supp 27, (N.D.Ill.1985); *General Beverage Sales Co. v. Zonin S.p.A.,* 589 F.Supp. 846 (W.D.Wisc.1984); *Maglio v. F.W. Woolworth,* 542 F.Supp. 39 (E.D.Pa. 1982); *Tyler v. Prudential Ins. Co.,* 524 F.Supp. 1211 (W.D.Pa.1981); *Perimeter Lighting, Inc. v. Karlton,* 456 F.Supp. 355 (N.D.Ga.1978); *International Equity Corp. v. Pepper & Tanner, Inc.,* 323 F.Supp. 1107 (E.D.Pa.1971); *Kulbeth v. Woolnought,* 324 F.Supp. 908 (S.D.Tex. 1971); *In re 73rd Precinct Station House,* 329 F.Supp. 1175 (E.D.N.Y.1971); *Barr v. Hunter,* 209 F.Supp. 476 (W.D.Mo.1962); *French v. Banco Nacional de Cuba,* 192 F.Supp. 579 (S.D.N.Y.1961); *Richlin Advertising Corp. v. Central Florida Broadcasting Co.,* 122 F.Supp. 507 (S.D.N.Y. 1954); *Potter v. Kahn,* 108 F.Supp. 593 (S.D.N.Y.1952).

Upon review of the two competing approaches, the Court is persuaded that the better view is that the thirty day period under § 1446(b) begins to run when the defendant receives the complaint, through proper service or otherwise.[5] Three considerations compel this conclusion. First, the plain language of § 1446(b) indicates that proper service is not required; all that is required is that the defendant receive the complaint "through service *or otherwise.*" (emphasis added). Where a statute is clear on its face, of course, the Court need not delve into the legislative history or rely on any other extrinsic aid to settle a question regarding the meaning of that statute. *See Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984).

Second, construing § 1446(b) in the manner adopted by this Court fulfills the purpose of Congress in enacting the provision. The purpose, as is amply discussed in *Conticommodity* and *Potter,* was to establish a uniform federal system for removal of cases to federal court. In order to accommodate state systems that permit suit to be commenced simply by serving the defendant with a summons but not a copy of the complaint, § 1446(b) was drafted to require receipt of the complaint to start the thirty day clock running. The reason is straightforward: Until the defendant receives the complaint, he has no way of knowing whether he has grounds to remove the action to federal court; he has no way of knowing if he wants to remove the action to federal court; and he cannot satisfy the requirement of setting forth a "short and plain statement of the grounds for removal" as is demanded by 28 U.S.C. § 1446(a). Once the defendant receives the complaint, all these problems are cured. Proper service in accordance with state procedural rules, however, adds nothing. So long as the defendant has the complaint in hand, he has sufficient information to determine whether he can and should remove.

Finally, construing the statute as not requiring perfected service is consistent with the well-established principle that the removal statute is to be construed narrowly and against removal. *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). To quote Judge Getzendanner in the *Conticommodity* case, "[t]his principle[ ], when considered in light of the straightforward, unambiguous language of the statute, ... persuades this court that the plain meaning of the statute should be accepted as its legal meaning." *Conticommodity,* 663 F.Supp. at 31. This position, the Court notes, is also advocated by Professors Wright, Miller, and Cooper in their text. They write that "[t]he fundamental principle of the general removal statute is that the time limitation on seeking removal begins to run when the defendant receives notice of the action, not when the action is commenced.... Technicalities of state law as to the completion of service of process are

---

5. The Court recognizes that Judge Chesnut's decision in *Potter, supra,* and Chief Judge Thomsen's decision in *Moore, supra,* fall within the *"Love"* line of cases. Nevertheless, the modern trend of the cases and the preferable understanding of statute compels the Court to depart from these two holdings.

ignored ... when removal is considered." 14A Wright, Miller, & Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3732 at 513, 516 (2d ed. 1985) (citations omitted).

Since it is admitted by Nasi that he received the complaint in November 1989, his removal petition filed on June 5, 1990, is clearly untimely. Thus, pursuant to § 1447(c), the Court will remand this case to the Circuit Court for Prince George's County.[6] Finding, however, that the removal petition was made in utmost good-faith and upon a well-founded belief in its propriety, the Court declines to impose costs on Nasi pursuant to § 1447(c).

Accordingly, it is this 30th day of August, 1990, by the United States District Court for the District of Maryland,

ORDERED:

1. That Plaintiff's motion to remand the action to state court is GRANTED;

2. That this action is REMANDED to the Circuit Court for Prince George's County;

3. That Plaintiff's motion to impose costs on the defendant is DENIED.

---

**6.** In doing so, of course, the Court does not reach Nasi's motion to quash and to dismiss.