John R. SHOEMAKER, Mary M. Shields, Linda D. Scothorn, William J. Sargent, John E. Hall, John C. Breighner, Virgil Armel, William Blye, Paul E. Clark, Sr., Billy Strother, Louis K. Spence, George W. Monk, James E. McPeak, Frances E. Whitacre, Richard "Mack" McComas, Earl S. Bailey, Harold L. Bowman, Lenwood Moss, James M. Garrison, Gilbert Z. Harness, Clarence C. Johnson, Wendell H. Thweat, William W. Beck, Margaret Butler, Robert A. Farmer, Leo Fauver, Edgar C. White, Jr., Max G. Milburn, Charles H. Richard, Ersil R. Hott, Mary Jane Price, Robert Ramsey, Edward A. Kelchner, Bobby Snapp, Louis R. Nickelson, Richard L. Hawkins and George M. Roksandich, Plaintiffs,

v.

GAF CORPORATION, Defendant.

Civ. A. Nos. 92–0102–H to 92–0131–H, 92–0133–H to 92–0139–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Feb. 10, 1993.

Peter C. DePaolis and Kenneth D. Bynum, Koonz, McKenney, Johnson & DePaolis, Falls Church, VA, for plaintiffs.

James W. Morris, III, Morris and Morris, P.C., Lynne Jones Blain, Corey M. Nicholson, Morris and Morris, P.C., Richmond, Va., and Robert H. Hood, Louis P. Herns and James G. Kennedy, Hood Law Firm, Charleston, SC, for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

These cases come before the court on plaintiffs' motion to remand because of a defect in removal procedure. The plaintiffs contend that defendant's removal of the cases

was untimely. The issue presented is whether the thirty-day removal period established by 28 U.S.C. § 1446(b) commences when the defendant receives a copy of the initial pleading *before* service or when the defendant receives a copy of the initial pleading *through* service. The parties have briefed and argued the issue and the matter is now ripe for disposition. For the reasons stated herein, the court will grant plaintiffs' motion to remand.

## I.

Each of the thirty-seven plaintiffs filed a separate lawsuit against defendant GAF Corporation in the Circuit Court for the City of Winchester. Thirty-five of the plaintiffs filed their Motions for Judgment on October 2, 1991; plaintiff Billy Strother (Civil Action No. 92–0111–H) filed his Motion for Judgment on October 15, 1991; and plaintiff Harold L. Bowman (Civil Action No. 92–0118–H) filed his Motion for Judgment on February 6, 1992.

On November 11, 1991, the defendant received from counsel for the plaintiffs a letter stating that claims had been filed against the defendant and including copies of the Motions for Judgment of all plaintiffs except Bowman. The letter stated in full:

Enclosed please find an index and copies of the initial filing of claims against GAF in the Circuit Court for the City of Winchester. *These claims have been initiated by filing and docketing under the identified docket numbers.*

This correspondence is intended to notify your company of this action pending the formal service of these pleadings. *You may take whatever action you deem necessary to protect your interests.*

(emphasis added). Likewise, on February 14, 1992, the defendant received an essentially identical letter stating that another claim had been filed and enclosing a copy of the Motion for Judgment of plaintiff Bowman.

On September 30 or October 15, 1992, the defendant was properly served a summons and a copy of the Motion for Judgment in each of the thirty-seven cases.[1] On October 20 and 21, 1992, the defendant removed the cases to this court. Then, on November 5, 1992, pursuant to 28 U.S.C. § 1447(c), the plaintiffs filed a timely motion to remand the cases to state court on the ground that defendant's removal was untimely.

## II.

The issue presented involves 28 U.S.C. § 1446(b), which states in pertinent part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." In moving to remand, the plaintiffs argue that the defendant was required to file a notice of removal in each case within thirty days after the defendant received a copy of the initial pleading "through service or otherwise." Thus, say the plaintiffs, because the defendant received copies of the Motions for Judgment of thirty-six plaintiffs on November 11, 1991, and a copy of the Motion for Judgment of plaintiff Bowman on February 14, 1992, the defendant's filing of its notices of removal in October 1992 was untimely. On the other hand, the defendant argues that it was required to file a notice of removal in each case within thirty days after formal service. So, claims the defendant, because service was effected on September 30 or October 15, 1992, the defendant's filing of its notices of removal on October 20 and 21, 1992, was timely.

Neither the Fourth Circuit nor any district court in Virginia has addressed the issue presented.[2] In fact, because "[a]n order re-

---

**1.** There has been no argument that service was improper. While the plaintiffs state that service was effected on October 15, 1992, the defendant states that service was effected on September 30, 1992. This discrepancy is immaterial to resolution of the motion to remand.

**2.** The defendant cites *McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924 (4th Cir.1992), and *Weight v. Kawasaki Heavy Industries, Ltd.,* 597 F.Supp. 1082 (E.D.Va.1984), which pertain to other aspects of removal. In *McKinney,* the Fourth Circuit addressed "[w]hether the thirty-day limit on removal to federal court begins to run with the first

manding a case to the State court from which it was removed is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), there is a scarcity of any appellate decisions on point.[3] However, the court finds an abundance of district court opinions, which represent a split on the issue.

One line of cases, adopting the so-called "proper service rule," is headed by *Love v. State Farm Mutual Automobile Insurance Co.*, 542 F.Supp. 65 (N.D.Ga.1982).[4] Broadly speaking, these cases hold that the thirty-day removal period commences only upon proper service of the defendant. Finding the language of § 1446(b) unclear, these courts look beyond the statutory language to the legislative history. Their standard reasoning goes as follows:

> Prior to 1948, a removal petition was in essence a state court responsive pleading; it was filed in that court within the time permitted to answer a complaint as established by the state's rules of civil practice. In 1948, in an attempt to make the removal procedure more uniform, Congress revised section 1446(b) to provide that the removal petition be filed in federal court "within twenty days after commencement of the action or service of process, whichever is later." Under this formulation, of course, the removal period could not begin until service of process had been obtained. A problem arose, however, in those states such as New York which permitted a plaintiff to commence a suit without serving or filing a complaint, merely by serving the

defendant with a summons. Under the 1948 version of section 1446(b), in such cases the removal period could expire before a defendant received a copy of the complaint, thus depriving him of an opportunity to remove the action. It was in response to this problem that Congress revised section 1446(b) [in 1949] to permit removal "within twenty [now thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Thus, the "through service or otherwise" language was intended to expand the removal period in states following the New York Rule. It was not intended to diminish the right to removal, by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service. The Court concludes that the removal period set forth in 28 U.S.C. § 1446(b) cannot commence until a plaintiff properly serves a defendant with process.

*Love*, 542 F.Supp. at 67–68 (citations and footnotes omitted). In other words:

> The "or otherwise" language pertains only to those states where plaintiff can commence a suit without filing or serving initial pleading until sometime later. For those states, the removal period begins whenever defendant receives a copy of the initial pleading. The "or otherwise" does not mean that receipt of the initial pleading without proper service will trigger the removal period.

service when there are defendants served on different days." 955 F.2d at 926. The court stated in dictum that "[u]nder 28 U.S.C. 1446(b), a defendant must petition for removal within thirty days of receiving service of process." *Id.* at 925. In *Weight*, the district court considered whether the removal period begins to run from the date of service on the Secretary of the Commonwealth or from the date the defendant or his agent actually receives the process. The court held that "the time for seeking removal commences only when the defendant or an agent in fact receives the process." 597 F.Supp. at 1084–85. Neither *McKinney* nor *Weight* addresses the issue at bar. Moreover, in both cases it appears that the defendants received a copy of the initial pleading at the time of formal service, rather than in advance of service as in this case.

**3.** The sole circuit court opinion touching this issue states straightforwardly, albeit in dictum,

that "[r]emoval must be effected within thirty days after a defendant receives a copy of the state court complaint, or is served, whichever occurs first." *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir.1982).

**4.** *Accord Estate of Baratt v. Phoenix Mut. Life Ins. Co.*, 787 F.Supp. 333 (W.D.N.Y.1992); *Bennett v. Allstate Ins. Co.*, 753 F.Supp. 299 (N.D.Cal. 1990); *Marion Corp. v. Lloyds Bank, PLC*, 738 F.Supp. 1377 (S.D.Ala.1990); *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.*, 645 F.Supp. 37 (S.D.Fla.1986); *Hunter v. American Express Travel Related Servs.*, 643 F.Supp. 168 (S.D.Miss. 1986); *Thomason v. Republic Ins. Co.*, 630 F.Supp. 331 (E.D.Cal.1986); *Skinner v. Old Southern Life Ins. Co.*, 572 F.Supp. 811 (W.D.La. 1983).

*Thomason v. Republic Ins. Co.*, 630 F.Supp. 331, 333–34 (E.D.Cal.1986) (citation omitted).

The other line of cases, supporting the so-called "receipt rule," is exemplified by *Tyler v. Prudential Insurance Co.*, 524 F.Supp. 1211 (W.D.Pa.1981).[5] These cases hold that the thirty-day removal period begins when the defendant receives a copy of the initial pleading, regardless of whether service has been effected.

The district court in Maryland—the only district court within the Fourth Circuit to have addressed the issue—has adopted the "receipt rule." *Schwartz Bros. v. Striped Horse Records*, 745 F.Supp. 338 (D.Md.1990). Despite its earlier adherence to the "proper service rule," *see Moore v. Firedoor Corp. of America*, 250 F.Supp. 683 (D.Md.1966); *Potter v. McCauley*, 186 F.Supp. 146 (D.Md. 1960), the court was compelled by "the modern trend of the cases and the preferable understanding of statute" to adopt the "receipt rule." *Schwartz Bros.*, 745 F.Supp. at 340 n. 5. As in other "receipt rule" cases, three considerations persuaded the court:

> First, the plain language of § 1446(b) indicates that proper service is not required; all that is required is that the defendant receive a copy of the initial pleading "through service or otherwise." ...
>
> Second, construing § 1446(b) in the manner adopted by this Court fulfills the purpose of Congress in enacting the provision. The purpose ... was to establish a uniform federal system for removal of cases to federal court. ...
>
> Finally, construing the statute as not requiring perfected service is consistent with the well-established principle that the removal statute is to be construed narrowly and against removal. *Shamrock Oil &*

*Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

*Schwartz Bros.*, 745 F.Supp. at 340.

■ Upon consideration of the competing rules, this court is persuaded to follow the "receipt rule." First, the court believes that the language of the statute is clear. The removal period commences when the defendant receives a copy of the initial pleading "through service or otherwise." Given the unambiguous wording of the statute, the court finds no need to examine the legislative history. *See First United Methodist Church v. United States Gypsum Co.*, 882 F.2d 862, 865 (4th Cir.1989), *cert. denied*, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990) ("While a statute's legislative history is often helpful in resolving ambiguity, one of the time-honored maxims of statutory construction is that when the language of a statute is clear, there is no need to rely on its legislative history.") (citing *Ex Parte Collett*, 337 U.S. 55, 61, 69 S.Ct. 944, 947, 93 L.Ed. 1207 (1949)). The "proper service rule" cases unjustifiably ignore the plain language of the statute.

Second, even when the legislative history is examined, the "receipt rule" is not inconsistent with congressional intent. While the legislative history may lend some support to the "proper service rule," that same legislative history indicates neither that formal service is required to trigger the running of the removal period nor that formal service is irrelevant. Thus, as to the particular issue at bar, the legislative history is ambiguous.

Third, the concerns identified by *Love* and its progeny are alleviated just as well by the "receipt rule" as by the "proper service rule." For instance, under the "receipt rule," there is certainly no danger of the removal period expiring before the defendant receives a copy

5. *Accord City of New Orleans v. Illinois Cent. R.R.*, 804 F.Supp. 873 (E.D.La.1992); *Greensmith Co. v. Com Systems, Inc.*, 796 F.Supp. 812 (D.N.J.1992); *Gates Constr. Corp. v. Koschak*, 792 F.Supp. 334 (S.D.N.Y.1992); *Kerr v. Holland America–Line Westours, Inc.*, 794 F.Supp. 207 (E.D.Mich.1992); *Pillin's Place, Inc. v. Bank One, Akron, N.A.*, 771 F.Supp. 205 (N.D.Ohio 1991); *Silverwood Estates Dev. Ltd. Partnership v. Adcock*, 793 F.Supp. 226 (N.D.Cal.1991); *Lindley v. DePriest*, 755 F.Supp. 1020 (S.D.Fla.1991); *Schwartz Bros. v. Striped Horse Records*, 745 F.Supp. 338 (D.Md.1990); *Dawson v. Orkin Exterminating Co.*, 736 F.Supp. 1049 (D.Colo.1990); *IMCO USA, Inc. v. Title Ins. Co.*, 729 F.Supp. 1322 (M.D.Fla.1990); *Uhles v. F.W. Woolworth Co.*, 715 F.Supp. 297 (C.D.Cal.1989); *Pic–Mount Corp. v. Stoffel Seals Corp.*, 708 F.Supp. 1113 (D.Nev.1989); *Harding v. Allied Prods. Corp.*, 703 F.Supp. 51 (W.D.Tenn.1989); *Conticommodity Servs., Inc. v. Perl*, 663 F.Supp. 27 (N.D.Ill.1987); *General Beverage Sales, Co. v. Zonin S.p.A.*, 589 F.Supp. 846 (W.D.Wis.1984); *Maglio v. F.W. Woolworth Co.*, 542 F.Supp. 39 (E.D.Pa.1982).

of the initial pleading. Also, the "receipt rule" does not permit a plaintiff to circumvent state requirements of formal service through informal service. "Whether or not a defendant removes an action, he must perfect service to maintain that action either in federal or state court." *Dawson v. Orkin Exterminating Co.*, 736 F.Supp. 1049, 1052–53 (D.Colo.1990) (citing *Conticommodity Servs., Inc. v. Perl*, 663 F.Supp. 27, 29 (N.D.Ill. 1987)).

Fourth, it appears that the "receipt rule" commands an increasing majority of courts. *Compare* cases cited *supra* note 5 *with* cases cited *supra* note 4. Furthermore, district courts which once followed the "proper service rule" have more recently adopted the "receipt rule." *Compare Silverwood Estates Dev. Ltd. Partnership v. Adcock*, 793 F.Supp. 226 (N.D.Cal.1991) *with Bennett v. Allstate Ins. Co.*, 753 F.Supp. 299 (N.D.Cal.1990); *Lindley v. DePriest*, 755 F.Supp. 1020 (S.D.Fla.1991); *with Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.*, 645 F.Supp. 37 (S.D.Fla.1986); *Schwartz Bros. v. Striped Horse Records*, 745 F.Supp. 338 (D.Md.1990) *with Moore v. Firedoor Corp. of America*, 250 F.Supp. 683 (D.Md.1966) *and Potter v. McCauley*, 186 F.Supp. 146 (D.Md.1960). *See Kerr*, 794 F.Supp. at 211 n. 4.

■ Fifth, and perhaps most importantly, the removal statute is to be construed narrowly and against removal. *Shamrock Oil & Gas Corp.*, 313 U.S. at 108–09, 61 S.Ct. at 872. Therefore, in the light of clear statutory wording and in the absence of any conclusive legislative history, this court will adhere to a literal reading of the statute and follow the "receipt rule."

Additionally, the court finds no unusual circumstances in this case which militate against the use of the "receipt rule." When the defendant first received copies of the Motions for Judgment, the cases had already been filed in state court and plaintiffs' letter plainly informed the defendant of that fact. The plaintiffs even provided a docket number for each case. In addition, there is no ques-

tion that the copies of the Motions for Judgment contained sufficient information from which the defendant could ascertain that the actions were removable. And, there is no evidence of any attempt by the plaintiffs to trick the defendant or otherwise avoid removal. The plaintiffs notified the defendant that it could take whatever action it deemed necessary to protect its interests.

Having accepted the "receipt rule," this court can summarily decide the motion. The defendant received copies of the initial pleadings of thirty-six plaintiffs on November 11, 1991. Thus, the thirty-day period for removal of those cases expired on December 11, 1991. The defendant received a copy of the initial pleading of plaintiff Bowman on February 14, 1992. Thus, the removal period for that case ended on March 16, 1992. Because the defendant did not file its notices of removal until October 20 and 21, 1992, defendant's removal of the cases was untimely. Accordingly, the cases will be remanded to state court.[6]

## III.

■ The defendant argues alternatively that the plaintiffs should be estopped from opposing removal. Two other persons, not plaintiffs in the cases before the court but represented by plaintiffs' counsel, filed Motions for Judgment against the defendant in the Circuit Court for the City of Winchester on December 26, 1991. The defendant answered those complaints, although no formal process was effected on the defendant. On February 7, 1992, the defendant filed a notice of removal as to those cases with this court, but withdrew the notice on February 11, 1992. Later, after plaintiffs' counsel allegedly represented that the defendant did not need to answer, move, or otherwise plead until formal service had been effected, the state court entered an agreed order allowing the defendant to withdraw its answers until service was effected. Thus, argues the defendant, the plaintiffs in the cases at bar should not be permitted to challenge remov-

---

**6.** In light of this ruling, the court need not address plaintiffs' argument based on the second paragraph of § 1446(b), which states in part that "a case may not be removed on the basis of

jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

al. The court finds no merit in this argument.

## IV.

For the foregoing reasons, the court concludes that defendant's removal of these cases was untimely. Thus, the cases will be remanded to state court.