**Mary C. KLUKSDAHL, Plaintiff,**

v.

**MURO PHARMACEUTICAL, INC., Defendant.**

**Civ. A. No. 3:95cv126.**

United States District Court, E.D. Virginia, Richmond Division.

May 24, 1995.

Gerald J. Roerty, Jr., David E. Constine, III, Mays & Valentine, Richmond, VA, for plaintiff.

Warren D. Harless, Shelly A. Dean, John T. Walker, IV, Christian, Barton, Epps, Brent & Chappell, Lynn F. Jacob, M. Peebles Harrison, Williams, Mullen, Chassition & Dobbins, Richmond, VA, Bradford J. Smith, Susan M. Cullina, Goodwin, Proctor & Hoar, Boston, MA, for defendants.

## MEMORANDUM OPINION

PAYNE, District Judge.

Plaintiff Mary C. Kluksdahl ("Kluksdahl"), a former Muro Pharmaceutical ("Muro") employee, brought this action against Muro alleging wrongful discharge. She complains that her discharge was in violation of the Civil Rights Act of 1964, as amended, and in violation of the public policy of Virginia. This action was filed in the Circuit Court for the City of Richmond. Muro removed it to this court, and Kluksdahl filed a timely motion to remand to the state court pursuant to 28 U.S.C. § 1447(c). The validity of Muro's notice of removal and the meaning of 28 U.S.C. § 1446(b) are in dispute. Kluksdahl also seeks costs and attorney fees incurred as a result of what she contends is an improper attempt to remove by Muro.

## STATEMENT OF FACTS

Kluksdahl, who was employed as a sales representative by Muro from approximately March 13, 1993 until March 9, 1994, alleges that her employment was terminated unlawfully. On November 28, 1994, she filed a Motion for Judgment in the Circuit Court for the City of Richmond against Muro. On the same day, her counsel sent a letter via overnight mail to the president of Muro, George Behrakis. That letter informed Behrakis that Kluksdahl had filed an action against Muro, and there was enclosed a copy of the stamped and filed Motion for Judgment. The letter stated that Kluksdahl was interested in discussing settlement before formally serving Muro, and it asked counsel for Muro to contact counsel for Kluksdahl by December 16, 1994, with a response to the settlement demand.

However, no settlement was effected and counsel for Muro accepted service of process on January 23, 1995. On February 15, 1995, Muro filed a notice of removal from the Circuit Court for the City of Richmond to this court. Approximately three weeks later, Kluksdahl filed a motion to remand, asserting that Muro did not file the notice of removal within thirty days after receiving a copy of the plaintiff's Motion for Judgment, thereby forfeiting the right of removal.

## DISCUSSION

### I. Removal Jurisdiction

The procedure for removal is set forth in 28 U.S.C. § 1446(b), the relevant portion of which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

28 U.S.C. § 1446(b). Kluksdahl argues that the defendant received the initial pleading (the Motion for Judgment) "through service or otherwise" when it was mailed to Muro on November 28, 1994, which was more than thirty days before Muro filed the notice of removal on February 15, 1995.

■■■ Muro bears the burden of establishing the right to removal, including compliance with the requirements of 28 U.S.C. § 1446(b). *Marler v. Amoco Oil Co.*, 793 F.Supp. 656, 658–59 (E.D.N.C.1992). Any substantial doubts as to the propriety of re-

moval must be resolved against the proponent of the federal forum. *Id.* at 659.

### II. The "Receipt Rule" and the "Proper Service Rule"

■■■ Federal courts have developed two rules to determine the commencement of the thirty-day period provided for removal in 28 U.S.C. § 1446(b). The "receipt rule" requires that a defendant must remove a state action to federal court within thirty days of receipt of a copy of the initial pleading, without regard to whether service has been effected. *Shoemaker v. GAF Corp.*, 814 F.Supp. 495, 498 (W.D.Va.1993).[1] Under the "proper service" rule, "the thirty-day removal period commences only upon proper service of the defendant." *Id.* at 497.[2] The Court of Appeals in this circuit has not decided the issue.

### A. Case Law and the Modern Trend

The receipt rule has been accepted by an increasing majority of federal courts, and it represents the modern trend. *See Shoemaker*, 814 F.Supp. at 499; *Schwartz Bros.*, 745 F.Supp. at 340 n. 5. Only two appellate decisions exist concerning the conflicting rules, both decided recently,[3] and each adopted the receipt rule. *Roe v. O'Donohue*, 38 F.3d 298, 304 (7th Cir.1994) (holding that "the 30 days commences when the defendant, or its authorized agent, comes into possession of a copy of the complaint whether or not the delivery complies with the requirements of 'service'"); *Tech Hills II Associates v. Phoenix Home Life Mutual Insurance Co.*, 5 F.3d 963, 968 (6th Cir.1993) (holding that the thirty days commence "when the

1. *Shoemaker* supports the receipt rule. So do *Mermelstein v. Maki*, 830 F.Supp. 180 (S.D.N.Y. 1993); *Kerr v. Holland America–Line Westours, Inc.*, 794 F.Supp. 207 (E.D.Mich.1992); *Trepel v. Kohn, Milstein, Cohen & Hausfeld*, 789 F.Supp. 881 (E.D.Mich.1992); *Pillin's Place, Inc. v. Bank One*, 771 F.Supp. 205 (N.D.Ohio 1991); *Schwartz Bros., Inc. v. Striped Horse Records*, 745 F.Supp. 338 (D.Md.1990); *Dawson v. Orkin Exterminating Co.*, 736 F.Supp. 1049 (D.Colo.1990); *Harding v. Allied Products Corp.*, 703 F.Supp. 51 (W.D.Tenn.1989); and *Conticommodity Servs., Inc. v. Perl*, 663 F.Supp. 27 (N.D.Ill.1987).

2. The proper service rule was first articulated in *Love v. State Farm Mutual Auto Ins. Co.*, 542

F.Supp. 65 (N.D.Ga.1982). Other courts have expressed agreement with the rule. *See, e.g., Baratt v. Phoenix Mutual Life Insurance Co.*, 787 F.Supp. 333 (W.D.N.Y.1992); *Marion Corp. v. Lloyds Bank, PLC*, 738 F.Supp. 1377 (S.D.Ala. 1990); *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.*, 645 F.Supp. 37 (S.D.Fla.1986); *Hunter v. American Express Travel Related Servs.*, 643 F.Supp. 168 (S.D.Miss.1986); *Thomason v. Republic Ins. Co.*, 630 F.Supp. 331 (E.D.Cal.1986).

3. The scarcity of relevant appellate decisions exists in part because "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

defendant has in fact received a copy of the initial pleading that sets forth the removable claim"). Both courts of appeals concluded that there was no escape from the plain statutory language. In *Roe,* for example, the Seventh Circuit observed that the courts adopting the receipt rule were holding "that § 1446(b) means what it says." *Roe,* 38 F.3d at 303. "Like the judges who decided *Tech Hills,*" the *Roe* court "[saw] no escape from the language of the statute." *Id.*

District courts within the Fourth Circuit have shown a preference for the receipt rule. In *Shoemaker,* the facts were similar to those presented here. Plaintiffs' counsel sent a letter to the defendant, enclosing copies of the motions for judgment and informing the defendant that the actions had been filed. The letter was received by the defendant on November 11, 1991. Service was effected on September 30 or October 15, 1992.[4] The defendant removed the actions on October 20 and 21, 1992, and the plaintiffs subsequently moved to remand on the ground that the removal was untimely. Judge Michael found that the receipt of the November 11, 1991 letter and enclosure satisfied the "service or otherwise" requirement of 28 U.S.C. § 1446(b).

In *Moore v. K-Mart Corp.,* No. 94-0057-L (W.D.Va., Dec. 15, 1994), the court adopted the receipt rule, holding that the thirty-day period commenced when the defendant received through the mail a copy of the complaint, even though the defendant was not informed that the complaint had actually been filed. In the Eastern District of Virginia, the receipt rule was applied in the unpublished opinion in *Barreca v. Air Structures, Inc.,* No. 3: 93-cv-711 (E.D.Va., Jan. 24, 1994) (discussing the split among district courts and holding "[t]his Court is persuaded by the ineluctable impact of the 'through service or otherwise' language and concludes that the 'receipt rule' best applies the plain meaning of the statute").

In *Schwartz Bros., Inc. v. Striped Horse Records,* 745 F.Supp. 338 (D.Md.1990), the court abandoned its earlier adherence to the proper service rule in favor of the receipt rule after a thorough analysis of both rules. The change was considered appropriate because "the modern trend of the cases and the preferable understanding of the statute compels the court to depart from [two previous decisions applying the proper service rule]." *Id.* at 340 n. 5.[5]

## B. The Plain Language of 28 U.S.C. § 1446(b)

Kluksdahl submits that the plain language of 28 U.S.C. § 1446(b) requires application of the receipt rule. Muro disagrees, stating that the meaning of the language is not clear as is evidenced by the two divergent interpretations reflected in the two different rules.

The statute provides that the time for removal begins to run after the initial pleading is received by the defendant through "service or otherwise." It is difficult to reconcile this language with the proper service rule under which the time begins to run only through effective service. It seems apparent that "or otherwise" must mean something different than service of process. *See Roe,* 38 F.3d at 302. To hold the proper service rule valid would be to dispense with the "or otherwise" language. *See id.* at 304 (finding that "[a]ny other conclusion drains the words 'or otherwise' of meaning, a step we are loathe to take").

The receipt rule, on the other hand, "arises from a straightforward interpretation of the clear statutory language." *Tech Hills,* 5 F.3d at 968 (citations omitted). It, therefore, presents the "preferable understanding of the statute." *Schwartz Bros.,* 745 F.Supp. at 340 n. 5. As those courts have found, under the clear and unambiguous statutory language, the removal period commences when the defendant receives a copy of the initial pleading through "service or otherwise," and this includes receipt of a motion for judgment, whether or not service has been effect-

---

4. The court noted that the discrepancy was immaterial to the resolution of the motion to remand.

5. *See Moore v. Firedoor Corp. of America,* 250 F.Supp. 683 (D.Md.1966); *Potter v. McCauley,* 186 F.Supp. 146 (D.Md.1960) (both employing the proper service rule).

ed. As the Seventh Circuit found, "[o]nce the defendant possesses a copy of the complaint, it must decide promptly in which court it wants to proceed." *Roe*, 38 F.3d at 303.

### C. The Legislative History of 28 U.S.C. § 1446(b)

"The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (*quoting Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). Contrary to Muro's assertion, the literal application of the statutory language will have no such effect here.

Congress added the "through service or otherwise" language to the removal statute in 1949. It did so to ensure that the removal period did not commence until the defendant had received a copy of the initial pleading. *See* H.R.Rep. No. 352, 81st Cong., 1st Sess. (1949); *Roe*, 38 F.3d at 303. As the district court in Maryland stated:

> The purpose [of the 1949 amendment] ... was to establish a uniform federal system for removal of cases to federal court. In order to accommodate state systems that permit suit to be commenced simply by serving the defendant with a summons but not a copy of the complaint, § 1446(b) was drafted to require receipt of the complaint to start the thirty day clock running. The reason is straightforward: Until the defendant receives the complaint, he has no way of knowing whether he has grounds to remove the action to federal court ... [or whether] he wants to remove the action to federal court; and he cannot satisfy the requirement of setting forth a "short and plain statement of the grounds for removal" as is demanded by 28 U.S.C. § 1446(a). Once the defendant receives the complaint, all these problems are cured. Proper service in accordance with state procedural rules, however, adds nothing. So long as the defendant has the complaint in hand,

he has sufficient information to determine whether he can and should remove.

*Schwartz Bros.*, 745 F.Supp. at 340. In summary, "by emphasizing the link between possessing a copy of the pleadings and the time for removal, the 1949 deliberations strongly suggest that we should take 'or otherwise' seriously: knowledge of the nature of the claims, and not the state's technical rules of service, determines timeliness." *Roe*, 38 F.3d at 303. This legislative history does not lead to the conclusion that the receipt rule is "demonstrably at odds" with Congress's intent when amending 28 U.S.C. § 1446(b) to insert the "or otherwise" language.

The principle that removal statutes are to be construed strictly, narrowly, and against removal should also be noted. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Both the Sixth and Seventh Circuits weighed this factor into their decisions to adopt the receipt rule. *See Roe*, 38 F.3d at 304; *Tech Hills*, 5 F.3d at 968. In light of this principle, the plain meaning of the statutory language, the legislative intent, and the modern trend in the decisional law, the court finds that the receipt rule presents the correct application of the statute.

### D. The Court's Decision in *Keyser*

Muro cites this court's statements in *Keyser v. Potomac Pedalers Touring Club*, No. 3:93CV695 (E.D.Va., Dec. 15, 1993), in support of its argument. In *Keyser*, the defendant's insurance company received a copy of the motion for judgment on May 28, 1993, and failed to inform the defendant of the suit. The defendant was served on October 1, 1993, received a copy of the motion for judgment on October 4, 1993, and filed a notice of removal on October 18, 1993. On those facts, the court found that the notice of removal was timely.

"As a general rule, a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process." *Tech Hills*, 5 F.3d at 968 (finding that a security guard who received a complaint was not authorized to accept service and that the 30–day removal period therefore did not commence at that

time). Similarly, in *Keyser* the issue was whether the insurance company employee was an agent of the defendant so that delivery of the motion for judgment to her was sufficient to start the time running against the defendant. (Tr. 49.) The court found that the insurance company was not an agent of the defendant. (Tr. at 63.) Hence, adherence to the receipt rule does not change the decision in *Keyser* or the reasoning on which that decision was based.

### III. Plaintiff's Request for Costs and Attorney Fees

 Kluksdahl seeks costs and attorney fees pursuant to § 1447(c) as part of this motion to remand. An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The awarding of costs and fees is left to the court's discretion. *See Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir.1993). Section 1447(c) was amended in 1988 to remove the requirement that a case have been "removed improvidently" to justify an award of attorney fees. *See Miranti,* 3 F.3d at 928. This amendment removed the "bad faith" requirement. The Fifth Circuit has held, however, that notwithstanding the 1988 amendment, "the propriety of the defendant's removal continues to be central in determining whether to impose fees." *Id.; see also Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443 (9th Cir. 1992) (finding an evaluation of the merits of remand necessary in reviewing an award of attorney fees); *Morgan Guarantee Trust Co. v. Republic of Palau,* 971 F.2d 917 (2nd Cir.1992) (affirming the award of attorney fees against a removing defendant only after finding some fault with the defendant's tactics); *Vatican Shrimp Co. v. Solis,* 820 F.2d 674 (5th Cir.), *cert. denied,* 484 U.S. 953, 108 S.Ct. 345, 98 L.Ed.2d 371 (1987) (considering complexity and uncertainty of the law on the removal issue in evaluating sanctions).

In the instant case, Muro had a reasonable basis for filing the notice of removal. A substantial, albeit dwindling, base of authority supports the proper service rule. Although the Western District of Virginia and an unpublished decision in the Eastern District of Virginia have adopted the receipt rule, the Fourth Circuit has not decided the issue. Thus, notwithstanding that Kluksdahl's Motion to Remand has been granted, Muro's attempt to remove certainly was a legitimate one grounded in respectable legal authority. The plaintiff's request for costs and fees is consequently denied.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is granted, but her request for costs and attorney fees is denied. This action is remanded to the Circuit Court for the City of Richmond for further proceedings.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.