C. David **BARTON**

v.

**INSIGNIA MANAGEMENT GROUP, et al.**

No. CIV. S 98–944.

United States District Court, D. Maryland.

June 1, 1998.

C. David Barton, Hagerstown, Pro se.

David Charles Goldberg, Law Office, Sharon A. Cummings Giles, Robins, Kaplan, et al., Washington, DC, for Insignia Management Group, Limited Partnership, Robert Camp-

bell, individually and in his former capacity as District Manager, Douglas Dillard, individually and as Regional Vice President, defendants.

### MEMORANDUM OPINION

SMALKIN, District Judge.

In this federal question case, where there is no diversity of citizenship, the defendants removed the matter to this Court within 30 days of service upon them of the state court complaint, but admittedly more than 30 days after their receipt, as an enclosure to a letter from plaintiff's counsel to the regional vice-president of defendant Insignia (Mr. Dillard), of a "courtesy copy" of the complaint. The plaintiff has moved to remand, arguing that the notice of removal was not timely filed in accordance with 28 U.S.C. § 1446(b), which provides, in pertinent part, that the notice of removal must be filed within "thirty days after the receipt by the defendant, through service *or otherwise,* of a copy of the initial pleading...." (Emphasis added.) No oral hearing is needed. Local Rule 105.6, D. Md.

There is venerable authority in this District for the proposition that the time for filing a removal notice (previously a petition for removal) begins to run on actual service of the filed complaint upon the defendant, even if a courtesy copy had been provided to defendant previously. *Potter v. McCauley,* 186 F.Supp. 146 (D.Md.1960)(Chesnut, J.). More recent precedent, however, supports a more literal reading of the statute, by which the time limit for filing a removal notice is triggered by defendant's receipt of a copy of the complaint by means other than formal service, *e.g.,* by receipt of a "courtesy copy." *See, e.g., Schwartz Bros. v. Striped Horse Records,* 745 F.Supp. 338, 340 (D.Md.1990) (Ramsey, J.).

The Fourth Circuit has not definitively ruled on this issue, but other circuits have, and have done so recently. In those cases, the courts have adopted the more literal reading of Section 1446(b) espoused by the late Judge Ramsey in *Schwartz Brothers. See, e.g., Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839, 841–42 (5th Cir.1996); *Roe v. O'Donohue,* 38 F.3d 298, 303 (7th Cir.1994).

This Court, having considered the parties' submissions and the case law, is of the opinion that *Schwartz Brothers* accurately states the current law in this District and elsewhere, and that it ought to be followed. Therefore, an order will be entered separately, remanding this case. Each party will bear its own costs and fees under 28 U.S.C. § 1447(c), in that this question has not been definitively settled by the Fourth Circuit.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is, this 1st day of June, 1998, by the Court, ORDERED:

1. That plaintiff's motion to remand BE, and it hereby IS, GRANTED;

2. That this case BE and it hereby IS, REMANDED to the Circuit Court for Anne Arundel County, Maryland;

3. That each party will bear its own fees and costs in connection with removal and remand, pursuant to 28 U.S.C. § 1447(c);

4. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to plaintiff and to counsel for the defendants; and

5. That the Clerk of Court transmit a certified copy of this Order and record herein to the Clerk of the Circuit Court for Anne Arundel County.